RAMIS, RECURRENTE, v. EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Caguas.

No. 136.—Resuelto en junio 17, 1913.

RECURSO GUBERNATIVO PETICIÓN AMBIGUA.—Cuando una parte desee que el registrador haga alguna operación en los libros del registro, debe solicitarlo de una manera concreta y determinada y no en forma vaga que dé lugar a duda acerca de la clase de operación que el interesado desee.

GRAVÁMENES—LIBERTAD DE LA PROPIEDAD—PRESUNCIÓN.—La presunción es siempre favorable a la libertad de la propiedad, y para que ésta pueda reputarse gravada, es necesario que el gravamen se constituya en términos claros y precisos que no den lugar a la menor duda.

ID.—MODIFICACIÓN DE UNA ESCRITURA—TERCERO.—Inscrita una finca a' favor de un tercero no puede luego inscribirse en el registro una modificación de contrato anterior, constitutiva de una carga a la cual el tercero no ha prestado su consentimiento.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El Registrador Sr. Raúl Benedicto compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinion del tribunal.

Por escritura pública de 2 de junio de 1909, Don Pascual Borrás y Llacer vendió a Don Bartolomé Borrás y Ortelli una cuerda de terreno, segregada de un predio rústico de Borrás y Llacer que estaba hipotecado a favor de Doña María Fernández y Morales por escritura pública de 8 de febrero del año citado para garantir un crédito de $600 de capital con $60 de intereses y $40 de costas, del que era cesionario Don José Más y Gelpi, habiéndose verificado la venta por precio de $250 que el vendedor confesó haber recibido del comprador con anterioridad al otorgamiento de dicha escritura.

Por otra escritura pública de 21 octubre de 1910, otorgada en la ciudad de Caguas ante el Notario Don Lorenzo Giménez y García, ante quien comparecieron los esposos Don

Bartolomé Borrás y Ortelli y Doña Carmen Collazo, Don Cipriano Manrique Gil y Don Francisco Ramis Borrás, como apoderado de Don Pascual Borrás y Llacer, los referidos consortes vendieron al Manrique Gil, la cuerda de terreno expresada por precio de $525, de los cuales recibió el vendedor $275 quedando el resto de $250 en poder del comprador para aplicárselo, hasta donde alcanzara, al pago de la hipoteca constituída sobre la totalidad de la finca.

Esa escritura de 21 de octubre de 1910 contiene bajo el número 4°. la siguiente cláusula:.

"*Cuarto*. Aclaran haciéndolo constar así el compareciente Don Bartolomé Borrás y Ortelli, de acuerdo con el otro Ramis y Borrás, en representación de Don Pascual Borrás y Llacer, que aun cuando por la citada escritura número siete, de dos de junio del año último, aparece recibido el precio de $250, importe de la enajenación a que ella se refiere, con anterioridad a su otorgamiento, lo fué en una carta-orden, que el comprador Borrás y Ortelli expidiera ascendente a dicha suma en favor del vendedor Don Pascual Borrás y Llacer, a cargo de su padre Don Gabriel de iguales apellidos, residentes en Mallorca, (España), la cual carta-orden, no habiéndose hecho efectiva todavía, ha sido recogida dejándose sin efecto, estando por tanto pendiente de pago la suma de los expresados $250 objeto de aquella compraventa."

Fué presentada al Registrador de la Propiedad de Caguas copia de la referida escritura de 21 de octubre de 1910 con un escrito de Don Francisco Ramis, como cesionario de los derechos hereditarios de Don Gabriel Borrás y Llacer y Doña Juana Borrás y Ginar, herederos de Don Pascual Borrás y Llacer, y como mandatario de Doña María Luisa Borrás y Llacer y Doña María de Monserrat Borrás y Llacer, herederas también del Don Pascual Borrás y Llacer, para que se hiciera constar *en la forma que hubiere lugar,* el derecho real que a favor de Don Pascual Borrás y Llacer estaba consignado en la escritura de referencia, y a esa pretensión recayó la siguiente nota del registrador en 30 de diciembre de 1912.

"No admitida la solicitud contenida en el escrito que se acompaña al precedente documento, por no determinarse en él de un modo pre-

ciso cuál sea la operación que el peticionario interesa se practique en el registro, porque la aclaración contenida en la cláusula 4ª. de la precedente escritura ha sido hecha exclusivamente por el representante del primitivo dueño Don Pascual Borrás y el anterior comprador Don Bartolomé del mismo apellido, y constituye entre estos dos últimos solamente una relación de derecho de carácter personal; y porque aun en el caso de considerarse como un derecho real, no podría inscribirse estando la finca inscrita a nombre de Don Cipriano Manrique que no ha prestado su consentimiento para que sobre ella se imponga gravamen de ninguna especie, y que no ha reconocido el tal precio aplazado de $250 como carga del inmueble, ni se le ha impuesto en la escritura al adquirir la finca la condición u obligación de satisfacerla; no tomándose anotación preventiva de esta negativa en razón de que siendo la aclaración de referencia una relación jurídica meramente personal, no es susceptible de que se efectúe respecto a ella operación alguna en el registro.''

Esa nota ha sido recurrida por Don Francisco Ramis Borrás y está sometida a nuestra consideración y decisión.

Examinemos los tres motivos en que se funda la nota recurrida.

En cuanto al primer motivo, opinamos que el recurrente debió solicitar del Registrador de la Propiedad de Caguas, no que se hiciera constar en la forma a que hubiera lugar el derecho real que a favor de Don Pascual Borrás y Llacer dice estar consignado en la escritura de 21 de octubre de 1910, sino que debió expresar cuál era la operación que interesaba se verificara en el registro, pues la cláusula 4 de la escritura de 21 de octubre de 1910, que no se había hecho constar en el registro al verificarse la inscripción de dicha escritura, podía hacerse de distintos modos, efectuándose distintas operaciones que podían ser, o rectificación de la inscripción hecha a favor de Cipriano Manrique Gil, a fin de hacer constar el aplazamiento del precio de la primitiva venta para que figurara como carga de la finca o una inscripción nueva en la que se hiciera constar la modificación del primitivo contrato de venta de Pascual a Bartolomé Borrás, o notas al margen de las inscripciones de Bartolomé Borrás y

de Cipriano Manrique, comprensivas de la estipulación sobre el aplazamiento del pago del precio.

Como esas operaciones habían de exigir la aplicación de preceptos legales distintos y estaban sujetas a distintos requisitos y formalidades, el recurrente debió formular su pretensión al registrador en términos concretos y determinados, y no en la forma vaga en que lo hizo, como encomendando al registrador la defensa de sus derechos.

En cuanto al segundo motivo de la nota recurrida, no se expresa en la cláusula 4ª. que dejamos inserta que Pascual y Bartolomé Borrás convinieron en que se considerara como carga real sobre la finca el precio de la primitiva venta, y por tanto, no procedía hacer constar en el registro un derecho real que previamente no se había establecido. La presunción es siempre favorable a la libertad de la propiedad, y para que ésta pueda reputarse gravada es necesario que el gravamen se constituya en términos claros y precisos que no den lugar a la menor duda.

Pero aun en el caso de que la expresada cláusula fuera constitutiva de un derecho real, (examinamos el tercer motivo de la nota recurrida), no podría inscribirse estando como estaba inscrita la finca a nombre de Cipriano Manrique. Gil quien, según reza la escritura, reservó en su poder $250 del precio de la finca para aplicarlos hasta donde alcanzaran, al pago de la hipoteca de $600 que pesaba sobre la totalidad de la finca, no habiendo aceptado obligación alguna de pagar a Pascual Borrás.

La misma parte recurrente alega que no es una carga o gravamen sobre inmueble lo que trata de inscribir, sino la condición resolutoria a que se halla sujeta la finca, por no haberse pagado su primitivo precio de venta; y si tal es su intención, puede acudir al registrador recurrido, no en la forma vaga en que lo ha hecho, sino formulando su pretensión en términos fijos y precisos.

La nota recurrida es de confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.