PORTO RICO FRUIT EXCHANGE, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de inscripción de una escritura de arrendamiento.

No. 413.—Resuelto en julio 28, 1919.

INSCRIPCIÓN—TÍTULOS CONTRADICTORIOS—DEFECTO INSUBSANABLE—ARRENDAMIENTO—LIQUIDADOR DE SOCIEDAD MERCANTIL.—La escritura en que una persona da en arrendamiento cierta finca como liquidador de una sociedad es contradictoria con otra escritura de la que aparece que dicha persona es la única dueña de la finca por haber adquirido los derechos en ella de los otros socios y constituyendo ésta un título traslativo de dominio puede ser inscrito y tiene que serlo para que pueda ser inscrito el arrendamiento que de ella haga con su esposa.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Soto Gras.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 25 de marzo de 1918 don Segundo González Victoria, de estado casado, ''en su carácter de único socio interesado, liquidador y dueño absoluto del capital y activo social de la mercantil 'Pizá y González,' disuelta y en estado de liquidación'' cedió en arrendamiento

a la corporación "The Porto Rico Fruit Exchange" dos fincas de las que dijo ser dueña la sociedad "Pizá y González".

Esa escritura fué presentada en el registro de la propiedad para su inscripción acompañada de otra anterior de 19 de marzo del mismo año en la que comparecieron don Vicente González Victoria, don José Canals Pizá y don Segundo González Victoria y después de exponer que ellos en unión de don Damián Pizá Bisbal habían constituído por escritura pública de 3 de febrero de 1917 la sociedad mercantil "Pizá y González" y que por otra de 17 de agosto de 1917 don Damián Pizá Bisbal cedió y traspasó a favor de los otros tres socios sus derechos y acciones en dicha sociedad, los dos primeros comparecientes hicieron cesión también de sus derechos y acciones en dicha mercantil a favor del tercer compareciente don Segundo González Victoria, quien por los méritos de esta escritura y de la cesión de Pizá quedó dueño absoluto del capital social de "Pizá y González" y de todo lo que constituye su activo y la declaró disuelta y extinguida totalmente.

El registrador se negó a inscribir el arrendamiento por los siguientes defectos insubsanables contra los cuales interpuso la corporación "The Porto Rico Fruit Exchange" el presente recurso gubernativo acompañando con los documentos relacionados la escritura de cesión otorgada por don Damián Pizá Bisbal, a saber:

"Primero. Resultar contradicción entre los documentos presentados, porque apareciendo de la escritura de disolución que la sociedad se ha disuelto y sus bienes se han adjudicado a don Segundo González Victoria, sin resultar pasivo alguno y sin que el mismo señor haya quedado con el carácter de liquidador de la sociedad, sino como dueño absoluto de los bienes, en esta escritura el mismo comparece como único interesado, y dueño de los referidos bienes, pero además en concepto de liquidador de dicha sociedad, la cual dice él se halla en liquidación; segundo, que en el caso de que verifique el arrendamiento de las fincas como dueño personal de ellas y en virtud de la disolución, tales fincas no se hallan inscritas a su favor como adjudicatario ni se ha solicitado su inscripción, con arre-

glo al artículo 20 de la Ley Hipotecaria; y en ese mismo caso debiendo reputarse gananciales las expresadas fincas no presta el consentimiento al contrato su esposa doña Concepción Vera como lo previene el artículo 1328 del Código Civil; y, tercero, que no se ha acreditado el traspaso que de sus derechos y acciones sociales se dice ha verificado el socio don Damián Pizá a favor de los tres socios restantes no habiéndose en su consecuencia podido calificar el documento en que conste tal traspaso, al cual hace referencia la escritura de disolución.''

Opinamos con el registrador recurrido que la escritura de arrendamiento es contradictoria con la de disolución porque en aquella comparece don Segundo González Victoria como liquidador de la mercantil ''Pizá y González'' arrendando fincas que dice pertenecen a dicha sociedad, mientras que de la segunda aparece que dicho señor es el único interesado y dueño absoluto de cuanto constituye el activo social de dicha mercantil en virtud de las cesiones que le hicieron los otros socios y como tal la declaró disuelta.

Es más, no aparece justificado que el señor González sea liquidador de esa sociedad y antes al contrario la escritura de cesión contiene un traspaso de los derechos de los otros socios en dicha mercantil y por virtud de esas cesiones quedó dueño absoluto el señor González Victoria de todos los bienes de la sociedad, constituyendo ese documento un título traslativo de dominio a su favor que puede ser inscrito según se resolvió en el caso de *Martínez* v. *El Registrador,* 15 D. P. R. 660; título que tiene que inscribir de acuerdo con el artículo 20 de la Ley Hipotecaria para que pueda inscribirse el arrendamiento que haga de esas fincas como único dueño que es ahora de ellas, con el consentimiento de su esposa según previene el artículo 1328 del Código Civil.

Por lo que hace al tercer motivo del recurso debe presentarse en el registro la escritura por la cual don Damián Pizá Bisbal hizo cesión de sus derechos en la sociedad para que pueda ser calificada por el registrador sin que podamos tomarlo en consideración, a pesar de habérsenos presentado,

porque es al registrador a quien incumbe calificarlo y nosotros no podemos tener en cuenta para resolver el recurso otros documentos que los que el registrador tuvo ante sí.

La resolución apelada debe ser confirmada en cuanto a los defectos insubsanables que menciona y a los cuales se refiere este recurso:

> *Confirmada la nota recurrida en cuanto a los*
> *defectos insubsanables que menciona y a*
> *los cuales se refiere el presente recurso.*

Jueces concurrentes: Sres. del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Wolf no tomaron parte en la resolución de este caso.