BLANCO, RECURRENTE, v. REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de dación en pago.

No. 455.—Resuelto en marzo 11, 1920.

SOCIEDAD MERCANTIL COLECTIVA—BIENES INMUEBLES DE LA SOCIEDAD COLECTIVA—CESIÓN DE DERECHOS DE UN SOCIO A OTRO.—No siendo condueños o co-propietarios los socios colectivos de los bienes inmuebles inscritos a nombre de la sociedad, no puede estimarse como un título traslativo de dominio de dichos inmuebles la cesión que hacen dos socios a un tercer socio de los haberes y derechos que les correspondan en la sociedad, aun cuando la cesión haya sido hecha estando la sociedad en liquidación.

ID.—PAGO PARCIAL DE HABER SOCIAL.—Es perfectamente inscribible una escritura por la cual el liquidador de una sociedad regular colectiva cede a uno de los socios en pago parcial de sus haberes sociales dos fincas urbanas de la sociedad, sin que pueda estimarse que existe contradicción entre dicha dación en pago y el hecho de que dos de los socios hubieran cedido anteriormente sus haberes y derechos en la sociedad al mismo socio, contrato este último que por ser de índole extrictamente personal, no era necesario inscribir previamente para que pudiera ser inscrita la mencionada escritura de dación en pago.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. E. Acuña.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 1º. de diciembre de 1919, la mercantil J. M. Blanco y Cía., en liquidación, por voz y nombre de su liquidador Agustín Blanco vendió y trasmitió a su socio José María Blanco González, a título de dación en pago parcial de sus haberes sociales, dos fincas urbanas pertenecientes a dicha sociedad e inscritas como tales en el registro de la propiedad, por precio de $30,000 que la sociedad trasmitente declaró recibidos del adquirente mediante cargo de dicha suma hecho a Blanco González en su cuenta corriente.

El anterior documento fué presentado para su inscripción en el Registro de la Propiedad de San Juan, acompañado de otros de los cuales resulta: *Primero,* que por escri-

tura de 10 de mayo de 1917 José María Blanco González, José Lacosta Izquierdo, Agustín Blanco Geigel y Juan Serra Defontaine, como socios colectivos, y Francisco Garabís Martínez como dependiente interesado, constituyeron una sociedad mercantil bajo la forma regular colectiva, por término de un año, o sea desde 1º. de abril de 1917 a 31 de marzo de 1918; *segundo,* que por otra escritura de 19 de julio de 1919 los cuatro socios colectivos y el empleado dependiente interesado, declararon que no obstante haber vencido el plazo de la sociedad desde 31 de marzo de 1918 habían continuado asociados por tácito acuerdo hasta el 4 de julio de 1919, realizando negocios bajo las mismas estipulaciones de la escritura de constitución de sociedad, y ratificaron todas las operaciones así efectuadas, declarando extinguida la sociedad a partir de la fecha indicada, 4 de julio de 1919; y *tercero,* que por otra escritura pública de 17 de octubre de 1919 los socios José Lacosta Izquierdo y Juan Serra Defontaine cedieron y trasmitieron al socio José María Blanco González, por precio cierto y entregado de presente, cuantos derechos, haberes y participaciones tenían y les correspondían en la mercantil J. M. Blanco y Cía., desde su constitución hasta su extinción en 4 de julio de 1919 y posteriormente en su período de liquidación, hasta el día 7 de octubre citado, al efecto de que el cesionario José María Blanco González, a partir de esa cesión de haberes fuera tenido y considerado como único dueño y poseedor de cuanto a los cedentes correspondía y pudiera corresponder en la mercantil J. M. Blanco y Cía.

El registrador denegó la inscripción de la escritura de 1º. de diciembre de 1919, de dación en pago parcial de haberes sociales a José María Blanco González, por medio de nota que dice así:

"Denegada la inscripción del precedente documento por los siguientes motivos: que el mismo está en contradicción con la escritura de cesión de derechos y acciones que se relaciona y acompaña por la razón de que, habiendo adquirido don José María Blanco los dere-

chos sociales de todas clases que tenían los anteriores socios don
José Lacosta y don Juan Serra, en cuyo traspaso, por haberse veri-
ficado con posterioridad a la fecha de la disolución de la compañía
deben considerarse y se consideran incluídos los derechos y parti-
cipaciones que a los mismos pudieran corresponder en los inmuebles
que pertenecieron a la sociedad, en esta escritura dicha firma tras-
mite la totalidad de las fincas a don José María Blanco como si
realmente fuera dueño de ellas, lo que no resulta, tanto por virtud
de la disolución como por la cesión verificada por Lacosta y Serra,
porque dichos títulos de disolución y de cesión posterior son tras-
lativos de dominio que deben ser inscritos y su inscripción no se ha
solicitado, pero la cual aunque se practicara no constituiría razón
para subsanar el defecto consistente en la contradicción indicada;
y tomada en su lugar anotación preventiva por término legal en
los libros, folios, fincas y anotaciones expresadas al margen de la
descripción, conforme a la sentencia de 28 de julio de 1919, Porto
Rico Fruit Exchange. Se han tenido a la vista otros documentos.
San Juan, 17 de diciembre de 1919. El Registrador, Rafael Ti-
rado Verrier.''

La nota transcrita está sometida a nuestra consideración
a virtud de recurso gubernativo contra ella interpuesto.

Como se ve, la nota recurrida se funda en la contradic-
ción que encuentra el registrador entre la escritura de da-
ción en pago de haberes sociales de 1°. de diciembre de 1919,
y la otra escritura de cesión de haberes sociales de 17 de
octubre de 1919, y además en que la escritura de cesión de
haberes sociales no ha sido inscrita en el registro ni se ha
solicitado su inscripción, anticipando el registrador la idea
de que aunque su inscripción se practicara no quedaría sub-
sanado el defecto consistente en la contradicción ya indicada.

J. M. Blanco y Cía. es una entidad jurídica con perso-
nalidad propia que desde la fecha de su constitución la ca-
pacita legalmente para adquirir y poseer bienes de toda
clase y para celebrar cualesquiera actos y contratos, y sus
socios al ingresar en ella conservan, independientemente de
todo nexo social, como personas naturales, su capacidad para
establecer relaciones jurídicas no sólo entre sí sino con la
sociedad misma y con terceras personas.

Y esa independencia de personalidades subsiste durante la vida legal de la sociedad y mientras se opera su liquidación, siendo consecuencia de ello que también han de coexistir separados y distintos en todo tiempo los bienes que dentro de sus respectivas capacidades hayan adquirido la sociedad y los socios. Los bienes adquiridos por la sociedad constituirán su propiedad colectiva y los del socio o socios su propiedad individual.

Ahora bien, J. M. Blanco y Cía. adquirió durante su vida social las dos fincas urbanas de que se trata en el presente recurso, habiendo venido a formar parte del haber social y nadie más que dicha sociedad podía disponer de ellas. Al otorgarse la escritura de 17 de octubre de 1919, de cesión de haberes sociales por José Lacosta y Juan Serra a favor de José María Blanco, no se hizo más innovación con relación al haber social que la de adquirir José María Blanco González cuantos derechos y haberes correspondían en la sociedad J. M. Blanco y Cía. a Lacosta y Serra, de modo que la parte que pudiera corresponder a José María Blanco González quedó aumentada con la de Lacosta y Serra; y como éstos no tenían participación alguna dominical en las casas de que se trata, tampoco pudo adquirirla Blanco González que como cesionario no podía adquirir más derechos que los de los cedentes, por el principio tan conocido de que *nemo dat quod non habet.*

José Lacosta Izquierdo y Juan Serra Defontaine no fueron nunca copropietarios o condueños de las casas en cuestión, pues la propiedad de ellas radicó y ha estado vinculada siempre en la entidad jurídica J. M. Blanco y Cía., y a su favor estaban inscritas en el registro, lo cual no impedía que Lacosta y Serra, que tenían interés en dicha sociedad pudieran trasmitir a otra persona ese interés con el consentimiento de los demás socios, según el artículo 143 del Código de Comercio, más no derecho dominical alguno. La anterior doctrina fué establecida por esta Corte Suprema en el caso de *González* v. *Méndez et al.,* 8 D. P. R. 258, en el cual si bien

hubo disidencia entre los jueces, no afectó a ese extremo. La idea de lo colectivo es una antítesis de lo común, puesto que el colectivismo atribuye a la entidad representada en la persona jurídica el dominio, sin que los miembros de la colectividad sean realmente otra cosa que meros usufructuarios de las utilidades de ésta, nunca verdaderos condueños o copropietarios. Manresa, tomo 3, página 393, (edición de 1910).

Entendemos que la escritura de cesión de haberes sociales por Lacosta y Serra a favor de José María Blanco, de 17 de octubre de 1919 y la otra escritura de dación en pago de haberes sociales por J. M. Blanco y Cía. a favor de José María Blanco González, de 1°. de diciembre de 1919, lejos de ser antagónicas o contrarias son armónicas, pues la segunda de dichas escrituras tiende a llevar a efecto a lo menos parcialmente el pago a José María Blanco González de lo que le correspondía en la sociedad de J. M. Blanco y Cía. tanto por derecho propio como por cesión de Lacosta y Serra.

Y la circunstancia de que la sociedad J. M. Blanco y Cía. se declarara disuelta desde el 4 de julio de 1919 y quedara desde entonces en liquidación, o sea con anterioridad a la fecha de 17 de octubre de 1919 en que tuvo lugar la cesión de haberes sociales por Lacosta y Serra a favor de Blanco González, no impide que sea aplicable al presente caso la doctrina legal que dejamos expuesta, pues aunque una sociedad haya sido disuelta continúa su personalidad bajo la representación de los liquidadores a los efectos de la liquidación que expresa el artículo 228 del Código de Comercio. 4 D. P. R. 289. Lacosta y Serra por virtud de la extinción de la sociedad no adquirieron sobre los bienes de ella derechos dominicales que aun no tenían. Esos derechos habían de ser adquiridos por ellos al verificarse mediante adjudicación de determinados bienes el pago del haber o interés que tuvieran en la sociedad.

La escritura de cesión de haberes sociales, de 17 de octu-

bre de 1919, no era traslativa de derechos dominicales sobre bienes inmuebles o derechos reales, como dejamos establecido, sino que estaba limitada a una cesión de haberes o derechos, de índole extrictamente personal, y por tanto la inscripción previa de la referida escritura en el registro no era necesaria para la inscripción de las dos casas dadas en pago parcial de haberes sociales a José María Blanco González por J. M. Blanco y Cía. mediante la escritura de 1º. de diciembre de 1919.

Nuestra resolución en el caso de Porto Rico Fruit Exchange, de 28 de julio de 1919, no es de aplicación al presente, como lo demuestra el examen de la misma.

Nos hemos limitado a examinar las cuestiones envueltas en la nota recurrida, por no sernos dable considerar otras. que en dicha nota no han sido levantadas por el registrador..

Por las razones expuestas es de revocarse la nota apelada, ordenándose la inscripción denegada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.