Borrero, Demandante y Apelante, *v.* Borrero, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre división de bienes en común.

No. 2857.—Resuelto en julio 12, 1923.

Reivindicación—Doble Venta—Propiedad de la Cosa Objeto de Doble Venta. En el presente caso A, en el año 1915, compró todos sus derechos y acciones a la sucesión de B. En 1919 el demandante compró, en lo que se concierne a cinco sextas partes, los mismos derechos y acciones a cinco de los seis herederos que componían la sucesión B. A inscribió la finca a su nombre en el Registro de la Propiedad mediante una información de dominio en 1917 y el demandante inscribió una sola de sus escrituras en 1919. *Se resolvió:* que tratándose de una dobleventa, es de aplicación el artículo 1376 del Código Civil según el cual es dueño el primero que inscribe.

Id.—Relación del Caso y Opinión—Error que no Requiere Revocación.—La omisión de la corte en archivar una relación del caso y opinión al dictar sentencia, es un error que no motiva la revocación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogado de la apelada: *Sr. D. Sepúlveda.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Juan Borrero interpuso demanda contra Germana Borrero y su esposo Balbino Torres de Rosino, interesando reivindicar una porción indivisa de cinco sextas partes de una finca rústica de treinta y dos cuerdas, resto de otra finca de mayor cabida, inscrita a nombre de los herederos del causante, y en apoyo de dicha demanda, sustancialmente se alega: Que por escrituras de 3 y 8 de julio de 1919, otorgadas ante el notario José Tous Soto, el demandante había comprado las porciones pertenecientes a cinco de los seis herederos que constituían la sucesión del cau-

sante, siendo el otro heredero que no vendió su participación la demandada Germana o Gerónima Borrero, quien, en unión de su esposo Balbino Torres de Rosino, posee la totalidad de dicha finca, habiéndose negado a reconocer el derecho del demandante; que contra la sucesión de Máximo Borrero no existían deudas y la finca tiene un valor de más de $500 y que los demandados se han apropiado de todos los frutos; que los demandados en combinación con Rito Maldonado y Toro tramitaron un expediente de dominio sin la intervención de los herederos con derecho a ese terreno y en el cual ocultaron que la finca objeto del expediente era la misma que ya estaba inscrita en el registro de la propiedad a nombre del causante de esos herederos.

Los demandados contestaron la demanda admitiendo, entre otros hechos, la identidad de la finca, pero reduciendo su cabida a veinte y dos cuerdas, alegando además, especialmente: Que las escrituras de 3 y 8 de julio de 1919, otorgadas ante el notario José Tous Soto, en que funda su acción el demandante, fueron falsas por ser el resultado de una conspiración fraudulenta entre el demandante y las personas que comparecieron en la misma, sabiendo cada uno de ellos que todos los derechos y acciones que aparecen en dichas escrituras vendidos a Juan Borrero habían sido real y efectivamente vendidos con anterioridad a Rito Maldonado Toro, en el año 1915 por las mismas personas, quienes asimismo sabían que todos los mencionados derechos y acciones habían sido inscritos en el registro de la propiedad a favor de Rito Maldonado y Toro en el año 1915, y que posteriormente fueron traspasados a distintas personas hasta llegar a Balbino Torres de Rosino, por quien se alega el cacácter de tercero.

Celebrado el juicio de este caso la corte inferior dictó sentencia declarando sin lugar la demanda, por lo que el demandante estableció la presente apelación, señalándose por el apelante en su alegato la comisión de siete errores. Pero

de estos errores solamente consideramos fundamentales el quinto y sexto, que también podemos reducir a uno solo, pues se refieren al valor probatorio de los títulos de una y otra parte, alegándose que la corte inferior cometió error al dirimir el conflicto en favor de la demandada.

De un examen cuidadoso que hemos hecho de la prueba se desprende que se trata de una doble venta de propiedad inmueble. Máximo Borrero era dueño de una finca de treinta y ocho cuerdas que aparecía inscrita a su nombre en el registro de la propiedad y que más luego quedó reducida su cabida, existiendo en este extremo disparidad entre las partes. La finca aparece, no obstante, a los efectos de la tasación, a nombre de Severo Borrero, uno de los herederos del causante. Se dejaron decaer las contribuciones y se remató por el Pueblo de Puerto Rico dicha finca, adjudicándosela en pago de la contribución debida y no pagada. La finca si bien fué luego redimida por Severo Borrero, el derecho de redención en cuanto concernía a los demás herederos fué cedido y traspasado por estos a Rito Maldonado y Toro, quien, a su vez, había comprado al heredero Severo Borrero. Estas transacciones tuvieron lugar en el año 1915. En estas condiciones, Rito Maldonado y Toro promovió una información de dominio e inscribió en 1917 a su nombre dicha finca en el registro de la propiedad con una cabida de veintidós cuerdas. En 13 de mayo de 1917 Rito Maldonado Toro vendió la finca a Ramón Velázquez y Morales, la que se inscribió en el registro de la propiedad, y Velázquez, a su vez, en marzo 11 de 1918, la trasmitió al demandado Balbino Torres de Rosino, quien también inscribió su derecho en el registro de la propiedad. En estas condiciones, los mismos herederos que aparecen cediendo su derecho de redención en la finca, objeto de este pleito, a Rito Maldonado y Toro, ceden asimismo todos los derechos y acciones que tenían sobre la finca al demandante por escrituras 62 y 74, otorgadas ante el notario José Tous Soto en 3 y 8 de julio de

1919, inscribiéndose una de dichas escrituras en el registro de la propiedad.

Los hechos expuestos nos presentan la situación del presente caso y su solución nos parece sencilla. Se trata pues de una doble venta de propiedad inmueble. Rito Maldonado y Toro en el año 1915, compró todos sus derechos y acciones a la sucesión de Máximo Borrero. En 1919, cuatro años después, el demandante compró, en lo que se concierne a cinco sextas partes, los mismos derechos y acciones a cinco de los seis herederos que componían la sucesión Borrero. Maldonado inscribió la finca a su nombre en el registro de la propiedad mediante una información de dominio en 1917 y Juan Borrero inscribió una sola de sus escrituras en 1919. La conclusión es que Rito Maldonado y Toro inscribió primero, y el derecho aplicable a este caso es la disposición del artículo 1376 del Código Civil Revisado y la jurisprudencia de esta Corte Suprema sentada en los casos de *Ramos* v. *Orcasitas*, 14 D. P. R. 68, y *King* v. *Fernández et al.*, 30 D. P. R. 592.

Toda la argumentación de la parte se dirige principalmente a combatir el expediente de dominio que tramitó Maldonado para inscribir su derecho en el registro de la propiedad, pero la fuente de donde proviene el derecho de Maldonado nace del documento privado mediante el cual cinco de los seis herederos de Máximo Borrero cedieron su derecho de redención a Maldonado. La cuestión, pues, que se levanta es un conflicto de títulos, y el mismo apelante admite que: ''sin ese documento privado donde aparece una doble venta los demandados no tenían fundamento legal alguno para combatir su título.'' No se niega que el apelante atacó dicho documento como fraudulento, alegando que los herederos que lo firmaron no sabían firmar y que se trató de imprimir a dicho documento cierta tinte de antigüedad como una rotura que el demandado estaba ansioso de hacer notar; pero, además de que la prueba física del documento

original no la tenemos a la vista ni en la corte inferior se comprobó el aspecto fraudulento del documento, la corte inferior resolvió el conflicto de evidencia en ese extremo en favor de la demandada y no tenemos dato alguno que nos indique que dicha corte obró de otro modo que no fuera de una manera justa, sin pasión o prejuicio o error manifiesto al apreciar la prueba. Es cierto también que en la tramitación del expediente de dominio, Rito Maldonado solamente citó en su carácter de anterior dueño al heredero Severo Borrero, pero el hecho de que la finca estuvo declarada a nombre de dicho heredero a los efectos de la contribución y de haberla redimido luego a su nombre parece que esto fué lo que inducía a creer que bastaría la citación única de tal heredero para cumplir con las formalidades de la ley en ese extremo. Pero de todos modos, esto no afectaría el derecho de los demandados, ya que el documento privado mediante el cual cedieron los herederos de Máximo Borrero el derecho de redención a Maldonado, les desprendió de todo derecho o interés en la finca, y el apelante solamente discute su derecho como un cesionario de los mismos herederos y éstos no podían darle más de lo que tenían por el principio de que *nemo dat qui non habet.*

El otro error a que se refiere el apelante es de que la corte no estableció sus conclusiones de hecho y de derecho. Esto no es motivo de revocación. Esta corte en varios casos se ha pronunciado en sentido contrario. Véanse los casos de *Paganacci* v. *Lebrón,* 24 D. P. R. 796, *The France & New York Medicine Co.* v. *Reily et al.,* 31 D. P. R. 650, y *Quiñones* v. *Vivoni,* 20 D. P. R. 490.

Por las razones expuestas debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison firmó: "Conforme con la sentencia."