LIBRADO MERCADO Y SEDA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 905.—*Sometido:* Diciembre 1, 1933. *Resuelto:* Enero 12, 1934.

*A. Arroyo Rivera,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Librado Mercado Seda y la sociedad Silva & Mari constituyeron una sociedad mercantil con el nombre de Librado Mercado, S. en C., de la que Mercado fué socio gestor y Silva

& Mari su comanditaria. Esa sociedad compró una casa que fué inscrita a su nombre en el registro de la propiedad, y para garantizar el precio de su adquisición constituyó hipoteca sobre ella. En la escritura pública de disolución de la sociedad manifestaron los socios que no habían tenido beneficios y que sólo existía como bien de la misma la mencionada casa; y en el mismo documento la comanditaria Silva & Mari vendió sus derechos y acciones en la casa al socio Librado Mercado Seda por precio que confesó recibido. Presentada esa escritura en el registro de la propiedad para su inscripción fué negada por el fundamento de que los derechos y acciones que sobre dicha casa enajena Silva & Mari no los tiene inscritos previamente a su favor a virtud de la disolución de la sociedad, por lo que el hecho de estar inscrita la finca a nombre de la sociedad Librado Mercado, S. en C., que es persona distinta de Silva & Mari, constituye un obstáculo para la inscripción de la enajenación, de acuerdo con el artículo 20 de la Ley Hipotecaria y nuestra decisión en 15 D.P.R. 759, que en su alegato dice el registrador ser *Vázquez* v. *Roco,* 27 D.P.R. 759. Contra esa negativa de inscripción se interpuso el presente recurso para que la revoquemos y ordenemos la inscripción solicitada.

██ El artículo 20 citado dispone que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorga o en cuyo nombre se haga la transmisión o gravamen.

La cuestión propuesta por el registrador ha sido ya resuelta por este tribunal, pues en el caso de *Blanco* v. *Registrador de San Juan,* 28 D.P.R. 172, hemos decidido que los bienes de una sociedad a ella pertenecen, que sus socios no tienen derechos dominicales en dichos bienes ni son copropietarios o condueños de ellos, lo que no impide que tengan interés en la sociedad y que puedan transmitir ese interés con el consentimiento de los demás socios, según fué resuelto en

el caso de *González* v. *Méndez*, 8 D.P.R. 258; y que la escritura de cesión de haberes sociales no es traslativa de derechos dominicales sobre bienes inmuebles o de derechos reales sino que está limitada a una cesión de los haberes o derechos de índole estrictamente personal por lo que la inscripción previa en el registro no es necesaria para la inscripción de la cesión de derechos. El caso de *Porto Rico Fruit Exchange* v. *Registrador de San Juan*, 27 D.P.R. 759, que es el citado por el registrador recurrido, no es aplicable a casos como el presente como decidimos en el caso de Blanco, supra.

*Por lo expuesto la nota recurrida debe ser revocada y ordenarse la inscripción solicitada.*