Gustavo Rodríguez Acevedo, demandante y apelado, *v.* Solivellas & Co., Sucrs., demandada y apelada, y The National City Bank of New York, interventor y apelante.

No. 6592.—*Sometido:* Abril 26, 1935. *Resuelto:* Febrero 26, 1936.

634

*Fiddler, Córdova & McConnell* y *Jorge M. Morales,* abogados del apelante; *José A. Poventud* y *Alberto S. Poventud,* abogados del demandante y apelado; la demandada y apelada por su propio derecho.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Gustavo Rodríguez demandó en la Corte de Distrito de Ponce a Solivellas & Co., Sucrs., una sociedad mercantil, en cobro de cánones de arrendamiento e indemnización de daños y perjuicios y para asegurar la efectividad de la sentencia que pudiera dictarse solicitó y obtuvo que se embargara todo derecho, interés, equidad, participación o sobrante que a la demandada corresponda o pudiera pertenecerle en un crédito hipotecario que para garantizar $10,671.11 de capital, $6,000 para intereses y $1,000 para costas se constituyó por Encarnación Morales viuda de Barreto a favor de la sociedad Solivellas & Co. sobre cierta estancia radicada en los municipios de Yauco y Maricao y se adjudicó al disolverse dicha sociedad al socio Loreto Viqueira, que lo aportó al capital social de la mercantil demandada constituída por escritura pública núm. 59 de marzo 7, 1930, cediéndolo la mercantil al

Crédito y Ahorro Ponceño para garantizarle un total de $3,800, quedando así un sobrante o equidad a favor de la demandada sobre el cual se trabó el embargo, notificándose al banco en diciembre 9, 1932, que debería retenerlo para ser entregado.al márshal y por éste al secretario de la corte, sujeto a las resultancias del litigio.

Así las cosas, The National City Bank of New York, en diciembre 28, 1932, pidió permiso que le fué concedido para intervenir en el pleito, alegando que por escritura pública núm. 24 de julio 19, 1932, el sobrante embargado hasta el montante de $7,671.11 le había sido cedido y subhipotecado por la demandada en garantía de una deuda de $38,000.

Fué el pleito a juicio y la corte lo decidió por sentencia de octubre 2, 1933, declarando sin lugar la demanda de intervención, con costas.

No confórme el banco interventor, apeló. Señala en su alegato cinco errores cometidos a su juicio por la corte sentenciadora al declarar que por la escritura de julio 19, 1932, no se cedió derecho alguno sobre la propiedad embargada por el demandante en diciembre 9, 1932, al no declarar que existía un *"equitable lien"* a favor del interventor sobre la propiedad embargada, al decidir que en Puerto Rico no se reconoce existencia legal a los *"equitable liens"*, al resolver que el embargo era superior al *"lien"* y al desestimar la demanda de intervención.

█ En su relación del caso y opinión, dijo la corte sentenciadora:

"Para mayor claridad transcribiremos a continuación la cláusula 1ª. de la escritura número 24 de 19 de julio de 1932 en que funda el interventor su demanda.

"Dicha cláusula literalmente lee como sigue:

" 'PRIMERA: Don Antonio Viqueira y Solivellas, a voz y nombre de la Sociedad mercantil regular colectiva "Solivellas & Compañía, Sucesores", subhipoteca al National City Bank of New York, la hipoteca constituída a favor de dicha sociedad, por doña Blanca, doña Clara, doña Esther, doña Laura, doña Mercedes y Monserrate Mariani y Bartoli, por escritura pública número veintiséis, de dos de

abril de mil novecientos treinta y uno ante el notario de San Germán don Luis Angel Limeres, y de la cual se han insertado sus cláusulas en el hecho TERCERO DE ESTE INSTRUMENTO, en garantía del pago a su vencimiento de cualquier suma hasta el montante de dicha hipoteca y sus intereses que estuviere adeudando a The National City Bank of New York en cualquier tiempo, hasta el solvendo total del crédito actualmente adeudado de TREINTA Y OCHO MIL DÓLARES y de cualquier suma adicional que The National City Bank of New York a préstamo concediere, a la Sociedad Solivellas & Compañía, Sucesores.'

"Cuando se otorgó la escritura número 24 de 19 de julio de 1932, constituyéndose una subhipoteca a favor del interventor The National City Bank por Solivellas & Co. Sucrs., Solivellas & Co., en realidad de verdad, no cedió nada al National City Bank, porque ya Solivellas & Co., Sucrs., en escritura número 16 de 12 de abril de 1932, había cedido la hipoteca a favor del Crédito y Ahorro Ponceño,, Inc. 'Subhipoteca es la hipoteca del derecho de hipoteca, o mejor dicho, la hipoteca constituída sobre otra hipoteca.' (29 Enciclopedia Jurídica Española, pág. 133.)

"Solivellas & Co., no podía en primer lugar hipotecar una hipoteca que ya no le pertenecía ni podía tampoco ceder ningún derecho a través de dicha subhipoteca, porque nadie puede dar más de lo que posee. (Blanco vs. Registrador, 28 D.P.R. 172; Borrero vs. Borrero, 32 D.P.R. 194; Mitchell vs. Amador Canal & Min. Co., 75 Cal. 464, 17 P. 246.)

"El artículo 1756 del Código Civil de Puerto Rico, edición 1930, dispone que son requisitos esenciales de los contratos de hipotecas, entre otros, el siguiente: que la cosa hipotecada pertenezca en propiedad al que la hipoteca.

"Además, dicha subhipoteca no quedó válidamente constituída porque el documento en que se constituyó no fué inscrito en el Registro de la Propiedad.

"El interventor National City Bank, en su alegato y para sostener su derecho de preferencia, argumenta que el derecho constituído a su favor tiene el carácter de *equitable lien*. Pero, la teoría del *equitable lien* invocada por el interventor no impera en Puerto Rico. En Puerto Rico, al igual que en el estado de Louisiana, no se le reconoce existencia legal a gravámenes implícitos, hijos de la presunción, que son los *equitable liens*. Romero vs. Willoughby, 10 D.P.R. 72; Ramis vs. El Registrador, 19 D.P.R. 747; Young vs. Bank, 134 La. 879, 64 S. 806; Landry vs. Blanchard, 16 La. Ann. 173; Fiol vs. Grant, 17 La. 158; Montilla vs. Van Syckel, 8 D.P.R. 160; Roméu vs. Todd, 51 L. ed. 1097.

"La Corte llega a la conclusión de que el interventor National City Bank of New York no ha probado ni demostrado en forma alguna el derecho de preferencia alegado en su demanda de intervención."

No seguiremos a las partes en sus amplios e interesantes argumentos sobre la existencia o no existencia en esta isla de los llamados *"equitable liens."* Trataremos de resolver la cuestión envuelta de acuerdo con los hechos y la ley, y si no hubiere ley escrita aplicable, teniendo "en cuenta la razón natural de acuerdo con los principios generales del derecho," como ordena el Código Civil en su artículo 7, ed. 1930.

Que no se constituyó una subhipoteca válida a favor del interventor por la escritura de 19 de julio de 1932, es algo que no admite discusión. El propio interventor así lo reconoce, pero sostiene que la intención de las partes tal como surge de dicho documento fué la de garantizar la deuda que la sociedad demandada tenía contraída con el interventor con lo que pudiera quedar después que el Crédito y Ahorro Ponceño cobrara su crédito, y al efecto llama la atención sobre el hecho cuarto de la escritura que, copiado textualmente, dice:

"CUARTO: Que a don Loreto Viqueira y Villanueva correspondió en la liquidación de la Sociedad Solivellas & Compañía, un crédito hipotecario por la suma de DIEZ MIL SEISCIENTOS SETENTA Y UN DÓLARES ONCE CENTAVOS, constituído por la escritura número setenta y uno de seis de junio de mil novecientos veintiocho otorgada por Encarnación Morales viuda de Barreto, y sus hijos a favor de Solivellas & Compañía, ante el Notario don Tomás Paz Ruiz, el cual fué subhipotecado al Crédito y Ahorro Ponceño hasta el montante de tres mil dólares, perteneciendo el remanente de dicho crédito a la referida Sociedad, o sea la suma de SIETE MIL SEISCIENTOS SETENTA Y UN DÓLARES ONCE CENTAVOS."

Y tiene razón a nuestro juicio. El nombre no hace la cosa. La intención, la verdad, deben prevalecer. Y la verdad es el otorgamiento de la garantía sobre el remanente de la hipoteca, o sea, sobre lo que exactamente embargó después el demandante en este pleito.

■■ El embargo del demandante se constituyó en diciembre 9, 1932, meses después de otorgada la escritura llamada de subhipoteca a favor del interventor.

"La anotación preventiva, en el registro de la propiedad, de un embargo acordado por providencia judicial, como dirigido únicamente a garantir las consecuencias del juicio," decidió esta corte en *Hidalgo* v. *García de la Torre,* 4 D.P.R. 66, segunda edición, "no altera la naturaleza de las obligaciones, ni puede convertir en real e hipotecaria la acción personal que carezca de este carácter, no produciendo otros efectos que el de dar preferencia al acreedor que la obtenga, en cuanto a los bienes anotados solamente, sobre los que tengan contra el mismo deudor otro crédito contraído con posterioridad a dicha anotación."

Aplicada esa regla a este caso, debe decidirse que como todo el derecho preferente que puede invocar el demandante lo es sobre créditos de igual naturaleza constituídos después de la fecha del embargo, habiéndose reconocido el crédito del interventor de modo fehaciente por escritura pública con anterioridad, no tiene preferencia sobre él.

Dice el artículo 1824 del Código Civil, ed. 1930:

"Con relación a los demás bienes muebles e inmuebles del deudor, gozan de preferencia:

"1. . . . . . . . . . .

"2. . . . . . . . . . .

"3. . . . . . . . . . .

"4. Los créditos que sin privilegio especial consten:

"(*a*) En escritura pública.

"(*b*) Por sentencia firme, si hubiesen sido objeto de litigio.

"Estos créditos tendrán preferencia entre sí por el orden de antigüedad de las fechas de las escrituras y de las sentencias."

Y si ese precepto no constituyera la ley del caso, éste debería siempre decidirse en favor del interventor de acuerdo con el principio de derecho *"Qui prior est tempore potior est jure",* refiriéndose al cual resolvió el Tribunal Supremo de España por sentencia de mayo 10, 1881: "Tratándose de

créditos personales, de naturaleza común, debe ser reinte-
grado con preferencia el de fecha más antigua, y no hacién-
dolo así se infringe el principio de jurisprudencia *qui prior
est tempore potior est jure.''*   Scaevola, Código Civil, tomo
2, Apéndice, 192.

No implica la conclusión a que hemos llegado el que sos-
tengamos la existencia de gravámenes ocultos.   En manera
alguna.   Nuestro sistema jurídico tiende a la mayor claridad,
a la mayor certeza posibles en la contratación.   La jurispru-
dencia ha fijado la extensión del derecho que se adquiere a
través de un embargo.   Si los bienes embargados habían sido
previamente vendidos o hipotecados por el deudor, la venta
habría destruído por completo y la hipoteca limitado el de-
recho del acreedor embargante.   Aquí del remanente embar-
gado por el acreedor demandante había ya dispuesto de modo
solemne el deudor demandado para garantizar otra deuda
que tenía contraída con el interventor cuando se trabó el
embargo.   Siendo ello así, el embargo sólo es válido en lo
que pueda quedar después de hecha buena la previa garantía.

Y eso es lo lógico, lo justo.   El demandante no es un
tercero.   Si del remanente se hubiera dispuesto legalmente
antes de que el interventor reclamara su derecho, no podría
el interventor hacerlo valer contra el adquirente legal.   Pero
del remanente no se había dispuesto.   Meramente se había
embargado cuando la reclamación del interventor fué esta-
blecida.   Y como el  embargo se practica sobre la base de la
realidad existente, a esa realidad establecida de modo autén-
tico en este caso por el interventor tiene que ceder el derecho
del demandante.

*Por virtud de todo lo expuesto debe revocarse la sentencia
recurrida y dictarse otra declarando con lugar la demanda
de intervención, sin especial condenación de costas.*

El Juez Asociado Señor Córdova Dávila no intervino.