ARCADIO CRUZ FONTÁNEZ e ISABEL ROBLES COLÓN, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN SEGUNDA DE SAN JUAN, recurrido; NORBERTO VÉLEZ RAMÍREZ y ANA MERCEDES OTERO ORTIZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN SEGUNDA DE SAN JUAN, recurrido.

*Números:* RG-89-119      *Resueltos:* 25 de abril de 1990
             RG-89-138

*Francisco J. Torrado Martínez*, abogado de los recurrentes; el Registrador de la Propiedad recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Estos recursos gubernativos consolidados presentan una idéntica situación de hechos y una misma controversia jurídica novel. Debemos resolver cuál es el trámite legal adecuado para subsanar la doble inmatriculación de una finca a favor de un mismo titular.

I

Los esposos Norberto Vélez Ramírez y Ana Mercedes Otero Ortiz adquirieron un inmueble mediante *Certificación de Segregación y Venta* (en adelante Certificación) expedida a su favor por el Secretario de la Vivienda. Copia del referido documento se inscribió en el Registro de la Propiedad (en adelante Registro). A la finca se le identificó con el número 29,936 y se practicó la correspondiente nota de segregación al margen de la inscripción de la finca matriz (Núm. 21,197).

Una segunda copia de la misma *Certificación* fue presentada posteriormente. El Registrador de la Propiedad (en adelante Registrador), sin percatarse de la anomalía, practicó una segunda nota de segregación en la finca matriz y procedió a inmatricular nuevamente la finca en un folio diferente con el Núm. 31,123. Idéntica situación confrontaron los esposos Arcadio Cruz Fontánez e Isabel Robles Colón. A su finca se le asignó originalmente el Núm. *29,938* y la segunda vez se inmatriculó con el Núm. *30,065*.

Mediante instancias juradas separadas, ambos reclamantes solicitaron al Registrador la cancelación de uno de los asientos. El Registrador se negó y les advirtió que los casos de doble inmatriculación sólo podían subsanarse a través de un procedimiento judicial según estipulado en el Art. 251 de la Ley Hipotecaria y del Registro de la Propiedad (en adelante Ley Hipotecaria), 30 L.P.R.A. sec. 2776. Este artículo dispone:

*Si el que tuvier[e] inscrita a su favor una finca creyere que otra inscripción de finca señalada bajo número diferente se refiere al mismo inmueble y al mismo titular, podrá solicitar de la Sala del Tribunal Superior correspondiente que, con citación de todos los interesados y siempre que se pruebe la identidad de ambas fincas como un solo inmueble, dicte auto resolviendo cuál de ambas inscripciones subsistirá.*

Cuando la doble inmatriculación *se refiera a distintos titulares se resolverá por juicio ordinario* sobre la identidad de la finca y el mejor derecho al inmueble.

En ambos casos se ordenará la cancelación de la inscripción correspondiente.

Cuando el [R]egistrador notare que una finca aparece inscrita más de una vez, notificará de tal hecho a los presentantes y a los notarios autorizantes de los títulos inscritos en ambas fincas y pondrá una nota, a los efectos de haber enviado tal aviso, al margen del asiento correspondiente de las fincas. *El [R]egistrador no procederá a practicar ningún otro asiento hasta tanto no se cumpla con lo dispuesto en esta sección para el caso de la doble inmatriculación.* (Énfasis suplido.)

Inconformes, mediante sendos recursos gubernativos, los recurrentes nos plantean que el Registrador puede corregir la situación de una finca doblemente inmatriculada, a solicitud de la parte interesada, tratándola como error del Registro. Aducen, además, que el Art. 251 de la Ley Hipotecaria, *supra*, no es aplicable a su situación ya que no hay diversidad de titulares ni existe duda de que las inmatriculaciones se refieren al mismo inmueble. En definitiva, cualifican la situación como un error cometido por el Registrador e invocan la aplicabilidad del Art. 151 de la Ley Hipotecaria que dispone los procedimientos para corregirlos:

Los errores cometidos por el Registrador al extender un asiento podrán ser corregidos, siempre que no afecten derechos de titulares inscritos, bien de oficio o a solicitud de parte interesada siempre que se tenga a la vista el instrumento que motivó la acción.

Cuando la rectificación pudiera afectar derechos de titulares inscritos se exigirá para corregir el consentimiento de éstos o una resolución judicial ordenando la corrección del asiento. 30 L.P.R.A. sec. 2502.

## II

■ José María Chico y Ortiz, al abordar el concepto de la doble inmatriculación, en su libro *Estudios sobre Derecho Hipotecario*, recurre a las opiniones que, sobre el particular, han expresado Luis Díez-Picazo y Ramón M. Roca Sastre.

Para Díez[-]Picazo la doble inmatriculación es el hecho de que una misma finca se encuentre inmatriculada en dos folios independientes uno del otro. La inmatriculación puede ser plural si se ha producido más de dos veces. Existe doble inmatriculación cuando las dos fincas son absolutamente idénticas entre sí, aunque sus respectivas descripciones (linderos, etc.) estén hechas de una manera distinta. Hay también doble inmatriculación si una de las fincas coincide sólo parcialmente o se encuentra superpuesta con respecto a otra.

En igual sentido se pronuncia Roca Sastre al entender que la doble inmatriculación de fincas constituye un estado patológico o irregular que se produce a veces en el Registro de la Propiedad, consistente en que una misma finca o parte de ella, const[e] inmatriculad[a] dos más veces en hojas, folios o registros particulares diferentes dentro de un mismo Ayuntamiento o sección del propio Registro. J.M. Chico y Ortiz, *Estudios sobre Derecho Hipotecario*, Madrid, Ed. Marcial Pons, 1981, T. I, págs. 827–828.

■ Nuestro sistema de derecho inmobiliario registral está predicado en la certeza y corrección de sus inscripciones. *Rosado Collazo v. Registrador*, 118 D.P.R. 577, 582 (1987); *Acevedo v. Registrador*, 115 D.P.R. 461, 462 (1984). Para garantizarlo, el Registrador, entre otras funciones, debe cerciorarse de que los inmuebles que se presenten para inscripción no consten inscritos de antemano. Tanto la Ley Hipotecaria como el Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad (en adelante Reglamento Hipotecario) le ordenan que verifique detenida y cuidadosamente los libros que integran el Registro. De esta manera se persigue evitar el fenómeno de la

doble inmatriculación,[1] que puede deberse a diversas causas, entre ellas, la falta de un buen catastro.

En España se ha enfrentado el problema de manera distinta mediante la solución propuesta por el Art. 313 del Reglamento Hipotecario, *Ley y Reglamento Hipotecario*, 5ta ed., Madrid, Sec. de Pub. del Ministerio de Justicia, 1959,[2] aunque como puede observarse éste sólo enfoca el fenómeno de la doble inmatriculación a favor de titulares diferentes. A los casos de doble inmatriculación de una finca a favor de la misma persona, no previsto en la legislación, se le aplica la doctrina de las Resoluciones de la Dirección General de los Registros de 29 de abril de 1881, 9 de marzo de 1892 y 25 de octubre de 1952. Estas resuelven que debe unificarse el historial del inmueble mediante traslado, por certificación de los asientos del registro particular de la finca más moderna al de la más antigua, y la extensión en el de aquélla la oportuna nota de cierre. Véanse: *Ley y Reglamento Hipotecario, op. cit.*, pág. 317; Chico y Ortiz, *op. cit.*, pág. 830; R.M. Roca Sastre, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. III, págs. 332–333. Sobre este particular, Antonio Ventura-Traveset González ha expresado:

> *Si la duplicidad fuera a nombre del mismo propietario (caso no frecuente, pero posible), no hay problema, hasta cierto punto. Así,* A compra por escritura una finca con una descripción, y luego, vigente el catastro, inscribe con la descripción constante en éste (distinta [a] la de la escritura) en virtud de expediente posesorio.

[1] *Pérez Cruz v. Fernández Martínez*, 106 D.P.R. 144 (1977); *Pérez Cruz v. Fernández*, 101 D.P.R. 365 (1973); *Borrero v. Borrero*, 32 D.P.R. 194 (1923); *Rivera et al. v. The Juncos Central Co.*, 31 D.P.R. 264 (1922); *King v. Fernández et al.*, 30 D.P.R. 592 (1922); *Surís v. Quiñones et al.*, 17 D.P.R. 646 (1911); *Ramos v. Orcasitas*, 14 D.P.R. 68 (1908).

[2] El Art. 313 del Reglamento Hipotecario dispone: "Si el que tuviere inscrita a su favor una finca creyere que otra inscripción de finca señalada bajo número diferente se refiere al mismo inmueble, podrá pedir al Juez de primera instancia del lugar en que radique el Registro, que, con citación de los interesados y siempre que se pruebe la identidad de la finca, dicte auto ordenando que se extienda nota suficientemente expresiva de la doble inmatriculación al margen de ambas inscripciones. En el auto se reservarán a los interesados las acciones de que se consideren asistidos sobre declaración del mejor derecho al inmueble, que podrán ejercitar en el juicio declarativo correspondiente." *Ley y Reglamento Hipotecario*, 5ta ed., Madrid, Sec. de Pub. del Ministerio de Justicia, 1959, pág. 317.

Más tarde, ante alguna de las reformas del párrafo 3º del artículo 20 de la Ley Hipotecaria, presenta la antigua escritura, juntamente con otras, al Registro, olvidando consignar que la finca del expediente posesorio y la de la escritura son una misma. El Registrador, ante la disparidad de descripciones, inscribe la escritura. *En este caso no hay problema si media buena fe. Advertida la falta por el Registrador, debe practicar de oficio las operaciones conducentes a la subsanación del defecto notado, de conformidad con lo resuelto por la Dirección de Registros en 29 de abril de 1881, ello aunque la finca figure bajo dos números distintos*, en uno de ellos libre de cargas y en otro gravada, *debiendo practicarse de oficio las operaciones conducentes a la subsanación del defecto notado cuando no sea imputable al interesado*. La resolución de 9 de marzo de 1892 añadió que es inscribible la enajenación practicada por el titular dos veces de la misma finca.

Mas si la inscripción se ha practicado de mala fe, el problema se agrava. Desde luego, mientras ambos asientos consten a nombre del mismo titular, si éste, sabiéndolo, no pone los medios para evitarlo, o cuando transfiera alguna o ambas fincas a otras personas, estimamos el caso comprendido en el artículo 529 del Código penal de 23 de diciembre de 1944.

En cualquier momento en que el Registrador adquiera la certeza de la doble inmatriculación a favor de una misma persona, debe, a nuestro juicio, promover la rectificación oportuna, basándose en que al inmatricular la finca por segunda vez, se incurrió en el error de concepto, no imputable al Registrador, de considerar como finca distinta la que era una misma, aunque descrita de otra forma. Es el caso d) del artículo 40 de la Ley, de inexactitud registral procedente de defecto del título que motivó la segunda inscripción, al omitir la coordinación debida con los asientos que de la misma finca física ya obraban en el Registro.

Un tanto atrevida puede parecer la afirmación de que se trata de un error de concepto; mas si meditamos en que el error proviene del momento en que el Registrador, al practicar la busca, consideró como finca no inscrita la que lo estaba con otra descripción, hemos de llegar a la conclusión de que al expresar en la inscripción que la finca no estaba inscrita se estaba dentro del caso del artículo 219 de la Ley Hipotecaria, que admite que el error de concepto fuese producido por la redacción vaga, ambigua o inexacta del título primitivo, y en este caso para su rectificación precisaría un título nuevo y el consentimiento del interesado o la declaración de una sentencia judicial.

Si, a[u]n así, el interesado no accediera y existiese absoluta seguridad de la duplicidad de inscripciones, podría y debería darse parte a la autoridad judicial, con remisión de certificación de los asientos duplicados, haciendo constar esta circunstancia al margen de las inscripciones contradictorias, por analogía con lo dispuesto en los artículos 101 y 313 del Reglamento Hipotecario, extendiendo anotaciones preventivas de las transmisiones o gravámenes de las fincas contradictorias hasta que se resolviese lo procedente, anotación por imposibilidad del Registrador, basada en el número 9º del artículo 42 de la Ley Hipotecaria. (Énfasis suplido.) *Problemas que plantea la doble inmatriculación de fincas y sus posibles soluciones legales,* Rev. Crít. Der. Inmob. 4–5 (1949).

Roca Sastre, en consonancia con lo anterior, ha interpretado que cuando no hay diferencia de sujetos no hay tampoco verdadera doble inmatriculación. Exige que el antagonismo entre ambas fincas registrales sea radical, por figurar la misma finca o parte de ella doblemente inmatriculada a nombre de personas distintas. Roca Sastre, *op. cit.*, pág. 254. Así parece entenderlo la doctrina mayoritaria española.

## III

■ El examen del Art. 251 de nuestra Ley Hipotecaria, *supra*, nos obliga a concluir que el legislador puertorriqueño dio un tratamiento diferente. Aunque en parte copió el Art. 313 del Reglamento Hipotecario español, *supra, expresamente optó por modificar su texto.* Incluyó, contrario al Art. 313 español, *supra*, aquellas situaciones en que ambas inmatriculaciones figuran a favor del *mismo* dueño. De esta manera, con meridiana claridad, dispuso que se recurriera a los tribunales a dilucidar el asunto, una vez citados todos los interesados. La sabiduría de ese enfoque legislativo no es de nuestra incumbencia y por fíat e interpretación judicial no podemos descartarlo. Ese curso de acción legislativa guió la denegatoria del Registrador. Véase R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, págs. 299–303.

Sin embargo, los recurrentes Vélez-Otero y Cruz-Robles, sin invocar expresamente la solución jurídica dada por los españoles, en realidad nos solicitan que la adoptemos. No podemos acceder a ese requerimiento y considerarlo como un error del Registro corregible, bien de oficio o a instancia de parte, sin intervención del órgano judicial.

La letra del Art. 251 de la Ley Hipotecaria, *supra*, es diáfana y libre de toda ambigüedad, y debe aplicarse tal y como dispone. Art. 14 del Código Civil, 31 L.P.R.A. sec. 14; *Rojas v. Méndez & Co., Inc.*, 115 D.P.R. 50, 53 (1984); *Díaz v. Srio. de Hacienda*, 114 D.P.R. 865 (1983); *Robert Vizcarrondo v. Srio. de Hacienda*, 114 D.P.R. 566, 573 esc. 11 (1983); *Román v. Superintendente de la Policía*, 93 D.P.R. 685 (1966); *Partido Popular v. Junta Insular Elecciones*, 63 D.P.R. 296, 337 (1944). El texto claro de una ley es la expresión por excelencia de la intención legislativa. "En aras de la liberalidad no podemos ir más allá de la ley." *Rivera Coll v. Tribunal Superior*, 103 D.P.R. 325, 331 (1975). Véase, además, *Rojas v. Méndez & Co., Inc.* supra.

Por los fundamentos expuestos, *se dictará sentencia confirmatoria.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.