QUEVEDO *v.* THE AMERICAN TRADING COMPANY ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 867.—Resuelto en diciembre 4,  1912.

PROCEDIMIENTO HIPOTECARIO—TÍTULOS TRANSMISIBLES POR ENDOSO—PAGARÉS.
   HIPOTECARIOS.—''A'' constituyó hipoteca a favor de ''B'' sobre 20 fincas
   rústicas para garantizar el pago de 130,000 pesos provinciales, y distribuyó
   la deuda en diez plazos anuales de 13,000 pesos cada uno firmando a favor de
   ''B'' un pagaré por cada uno de esos plazos. La compañía demandada, tene-
   dora por endoso del pagaré No. 3, siguió procedimiento hipotecario en cobro de
   dicho pagaré, y mediante venta en pública subasta le fueron adjudicadas seis
   de las fincas hipotecadas en pago parcial de su crédito, otorgándosele escri-
   tura de adjudicación. En posesión la compañía demandada de dichas seis
   fincas, la demandante en este caso, como dueña del pagaré No. 9, inició este
   procedimiento hipotecario contra dicha compañía en cobro de dicho pagaré.
   Durante el curso del procedimiento la compañía demandada presentó moción
   pidiendo que de acuerdo con el inciso 4 del párrafo 3 del artículo 175 del
   reglamento de la Ley Hipotecaria, se resolviera que la demandante no tenía
   derecho a proceder contra la compañía demandada en cobro de dicho pagaré,
   ni contra las seis fincas adjudicadas a dicha compañía, por estar cancelada
   de hecho y de derecho la hipoteca que sobre ellas pesaba en garantía de

dicho pagaré, y para que se suspendiera este procedimiento hipotecario incluyendo la subasta que iba a efectuarse.    Se resolvió:

1. Que aún cuando no se ha presentado con la transcripción de autos una exposición del caso, el tribunal ha examinado los documentos presentados por la compañía demandada en apoyo de la moción sobre suspensión de este procedimiento, y de ello no aparece que la compañía demandada presentara certificado del registro expresivo de estar cancelada la hipoteca en virtud de la cual se procedía, ni copia auténtica de la escritura pública de cancelación de la misma.

2. Que la escritura de adjudicación otorgada a favor de la compañía demandada en la cual consta que las seis fincas contra las cuales se dirige la demandante para cobrar el importe del pagaré No. 9, habían sido adjudicadas a la compañía demandada en pago parcial de su pagaré No. 3, no constituye ninguno de los documentos que exige el inciso 3°. del artículo 175 del reglamento de la Ley Hipotecaria.

3. Que los documentos presentados por la compañía demandada como base para que se suspenda el procedimiento hipotecario seguido por la demandante contra ella, son insuficientes para tal fin, y la parte demandada debe ejercitar los derechos de que se crea asistida por medio de una acción ordinaria.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Felipe Casalduc.*

Abogado de la parte apelada: *Sr. José Benet.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 11 de mayo de 1900, Luis Arán y Lancy reconoció adeudar a Baudilio Durán la suma de 130,000 pesos provinciales que se obligó a pagar a razón de 13,000 pesos en cada día 11 de mayo de los años 1901 a 1910, con el interés del 6 por ciento anual, y por cada uno de esos plazos firmó un pagaré a la orden de Durán, habiendo constituído hipoteca voluntaria sobre 20 fincas rústicas para garantir el pago de la deuda.

La "American Trading Company," tenedora por endoso del pagaré número 3, siguió procedimiento hipotecario contra Francisca Arán como administradora judicial de los bienes de Luis Arán ya fallecido, para el cobro de aquel documento; y corridos los trámites del caso, fueron adjudicadas a aquella corporación en pago parcial del crédito reclamado, mediante venta en pública subasta, seis de las fincas hipote-

cadas, otorgándosele la correspondiente escritura pública de adjudicación en 20 de febrero de 1908.

En posesión "The American Trading Company" de las seis fincas adjudicadas, Inocencia Quevedo Castellanos, en concepto de dueña del pagaré número 9, a vencer en 11 de mayo de 1909, por haberlo endosado Durán a la orden de M. Martínez y Ca. y éstos a la orden de Teodora Quevedo, de quien era causahabiente la Inocencia, inició ésta procedimiento sumario hipotecario ante la Corte de Distrito de Mayagüez contra "The American Trading Company," para el cobro de dicho pagaré en la parte en que estaba aún sin solventar, representando el total de la reclamación, $5,991.61, más los intereses y las costas hasta la suma de $600.

En curso dicho procedimiento, presentó moción a la Corte de Mayagüez en 19 de marzo del año próximo pasado, la demandada "American Trading Company," para que aplicando lo dispuesto en el inciso 4°. del párrafo 3°. del artículo 175 del Reglamento General para la ejecución de la Ley Hipotecaria, convocara a las partes a una comparecencia y después de oirlas, admitiendo los documentos pertinentes, dictara un auto declarando no haber lugar a seguir acción alguna hipotecaria por Inocencia Quevedo Castellanos, contra "The American Trading Company," en cobro del pagaré número 9 de que se trata, y sobre las seis fincas adjudicadas a la parte demandada, por estar cancelada de hecho y de derecho la hipoteca que sobre ellas pesaba, ordenando mientras se resolvía el incidente, la suspensión de todo trámite en el procedimiento hipotecario con inclusión de la subasta que estaba señalada para el día 22 de marzo citado.

Como documento justificativo de la cancelación de hipoteca alegada por la parte demandada, ésta presentó copia de la escritura de venta por adjudicación otorgada a favor de "The American Trading Company," en 20 de febrero de 1908 e inscrita en el registro de la propiedad, mostrando dicha escritura que las seis fincas que perseguía Inocencia Quevedo Castellanos para cobrar su crédito habían sido adju-

dicadas a ''The American Trading Company'' por valor de $4,830, quedando aún ''The American Trading Company'' acreedora de Arán por el remanente de la deuda que no pudo cubrirse con el precio del remate.

La moción de ''The American Trading Company'' fué desestimada por orden de 28 de marzo citado, y en esa orden hace constar la corte inferior que la comparecencia de las partes para discutir la moción tuvo lugar el día 26 de marzo de 1912, en cuyo acto el abogado de la demandada, ''The American Trading Company,'' ofreció alguna prueba documental que fué admitida, agregando la misma corte que después de un detenido estudio de la escritura presentada por ''The American Trading Company,'' es de opinión que esa escritura aun considerada en relación con los demás documentos presentados en apoyo de la moción, no es una escritura de cancelación de la hipoteca que motiva el procedimiento, ni tampoco puede considerarse cancelado el pagaré número 9 cuyo cobro se insta por la parte demandante.

Aunque no ha venido en el récord un escrito de exposición del caso que nos dé a conocer en la forma prevenida por la ley, cuáles fueron los documentos que en el acto de la comparecencia de 26 de marzo de 1912, presentó la parte demandada en apoyo de su moción, hemos examinado todos los documentos que en copia certificada por el secretario de la corte inferior figuran en la transcripción de autos en relación con el artículo 175 del reglamento para la ejecución de la Ley Hipotecaria, llegando a la conclusión de que la orden recurrida por ''The American Trading Company,'' se ajusta a derecho.

Según el artículo 175 del Reglamento General para la ejecución de la Ley Hipotecaria, los procedimientos hipotecarios no podrán suspenderse por medio de incidentes ni por otro alguno, a instancia del deudor, del tercer poseedor, ni de ninguno otro que se presente como interesado, fuera de los tres casos que enumera, entre éstos, y es el tercero, ''si se presentare certificado del registrador expresivo de que

dar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la nota de presentación en alguno de los registros en donde se haya de tomar razón de ella, otorgada por el actor o por sus causahabientes o causantes, acreditándose también documentalmente el título de trasmisión en su caso.'' En dicho caso tercero el juez convocará las partes a una comparecencia, debiendo mediar cuatro días desde la citación; oirá a las partes, admitirá los documentos pertinentes que presenten, y acordará en forma de auto lo que estime procedente dentro del segundo día.

''The American Trading Company,'' ni al hacer su moción para la suspensión del procedimiento ni en la comparecencia para discutir dicha moción, presentó certificado del registrador expresivo de estar cancelada la hipoteca en virtud de la cual se procedía, o copia auténtica de la escritura pública de cancelación de la misma, y por tanto, no llenó los requisitos necesarios para que pudiera decretarse la suspensión solicitada.

Alega la parte apelante que en el acto de la vista se probó que el crédito hipotecario de Inocencia Quevedo Castellanos, constatado en el pagaré número 9, estaba extinguido en cuanto a las fincas adjudicadas a ''The American Trading Company,'' por cuanto éstas en remate no alcanzaron a cubrir el montante del pagaré hipotecario número 3, cuyo cobro persiguió ''The American Trading Company''; y también porque habiendo seguido juicio Teodora Quevedo Castellanos contra ''The American Trading Company'' para que se declarara que las fincas hipotecadas de que se trata debían permenecer gravadas por las obligaciones que entrañaban los pagarés números 3 y 9 ínterin no se realizara el pago, sin que en ningún caso y por consecuencia del procedimiento ejecutivo seguido por ''The American Trading Company'' en cobro del pagaré número 3, pudiera ser cancelado el gravamen en cuanto al pagaré hipotecario número 9, la Corte de Distrito de Mayagüez dictó sentencia en 25 de febrero de

1909, declarando sin lugar la demanda de Teodora Quevedo Castellanos, sentencia que quedó firme en 21 de junio del mismo año.

Semejante alegación se estrella ante el precepto terminante del artículo 175 del Reglamento General para la ejecución de la Ley Hipotecaria, pues según el artículo 13 del Código Civil, cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu, según pretende la parte apelante. Su reclamación no puede prosperar, pues la suspensión del procedimiento hipotecario sólo cabe en los tres casos taxativamente marcados en el artículo 175 del Reglamento General para la ejecución de la Ley Hipotecaria, y los derechos de que se crea asistida la parte demandada podrá ventilarlos en el juicio plenario que corresponda, según ordena el mismo artículo que invoca en su defensa.

Por las razones expuestas, debe confirmarse la orden recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.