GILDA ROJAS DE COLÓN, demandante y recurrente, *v.* MÉNDEZ & CO., INC., demandada y recurrida.

*Número:* R-83-308        *Resuelto:* 9 de enero de 1984

---

*David Rivé Rivera,* de *Calderón, Rosa Silva & Vargas,* abogado de la recurrente; *Juan C. Pérez Otero,* de *Fiddler, González & Rodríguez,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El honorable Tribunal Superior de Puerto Rico, Sala de San Juan, siguiendo al pie de la letra lo dispuesto en la Ley de Beneficios por Incapacidad de 1968, [1] resolvió que la recu-

---

[1] Ley Núm. 139 del 26 de junio de 1968, conocida por "Sinot".

rrente —una empleada en la empresa privada que se incapacitó temporalmente debido a enfermedad o accidente no relacionado con su empleo— tenía el término de seis meses para solicitar de su patrono *la reinstalación* a su empleo, contado dicho término a partir de la fecha de comienzo de su incapacidad.

Dicho de otra manera, que de acuerdo con las disposiciones de la citada ley, un patrono viene en la obligación *de reservar* el puesto del empleado incapacitado por el término de seis meses, contado dicho término a partir del día en que dicho empleado quedó incapacitado.

No conforme, la empleada-recurrente acudió ante este Tribunal mediante el correspondiente recurso de revisión, con la alegación de que el referido término de seis meses debe empezar a contarse a partir de la fecha en que el empleado efectivamente comienza a recibir los beneficios por incapacidad que provee la citada ley. Por ser ésta una cuestión nueva y revestida de interés general, expedimos el auto solicitado. Por las razones que a continuación expondremos, procede la confirmación de la sentencia dictada por el tribunal de instancia.

## I

La sección de la citada Ley de Beneficios por Incapacidad pertinente al asunto en controversia lo es la Sec. 3(q), la cual dispone:[2]

(q) *Reinstalación después de la incapacidad*

En los casos de incapacidad para el trabajo de acuerdo con las disposiciones de este Capítulo, el patrono vendrá obligado a reservar el empleo que desempeña el trabajador al momento de comenzar la incapacidad y a reinstalarlo en el mismo, sujeto a las siguientes condiciones:

(1) que el trabajador requiera al patrono que lo reponga en su empleo dentro del término de quince (15) días, contados a partir de la fecha en que fuere dado de alta, *y siempre y*

_____

[2] 11 L.P.R.A. sec. 203(q).

*cuando que dicho requerimiento no se haga después de trans-
curridos seis (6) meses desde la fecha de comienzo de la
incapacidad;*

(2) que el trabajador esté mental y físicamente capaci-
tado para ocupar dicho empleo en el momento en que solicite
del patrono dicha reposición; y

(3) que dicho empleo subsista al momento en que el
trabajador solicite su reposición. Se entenderá que el empleo
subsiste cuando el mismo esté vacante o lo ocupe otro trabaja-
dor. Se presumirá que el empleo estaba vacante cuando el
mismo fuere cubierto por otro trabajador dentro de los treinta
(30) días siguientes a la fecha en que se hizo el requerimiento
de reposición. (Énfasis suplido.)

Es correcto que la Sec. 1 de la citada ley[3] establece
que la misma debe ser *"liberalmente interpretad[a]* para
cumplir su propósito de indemnizar a los trabajadores por la
pérdida de salarios resultante de incapacidad debid[o] a
enfermedad o accidente no relacionados con el empleo".
(Énfasis suplido.)

No es menos cierto, sin embargo, que cuando "la ley
es clara [y] libre de toda ambigüedad, la letra de ella no debe
ser menospreciada bajo el pretexto de cumplir su espíritu".[4]
*Irizarry* v. *Registrador,* 61 D.P.R. 74 (1942); *Quevedo* v. *Am.
Trading Co. et al.,* 18 D.P.R. 955 (1912); *Caguas Bus Line* v.
*Sierra, Comisionado,* 73 D.P.R. 743 (1952); *Rodríguez Ro-
dríguez* v. *Gobernador,* 91 D.P.R. 101 (1964); *Rodríguez* v.
*Fidelity Bond Mortg. Corp.,* 108 D.P.R. 156 (1978).

El propósito que persigue la citada Ley de Beneficio
por Incapacidad es loable por demás. El legislador le quiso
garantizar al obrero que se incapacita temporalmente
debido a enfermedad o accidente *no* ocupacional, no sólo
tranquilidad de espíritu y el sustento de él y de su familia
por un tiempo determinado, sino el derecho a ser reinstalado
en su empleo.

---

[3] 11 L.P.R.A. sec. 201.

[4] Art. 14, Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14.

Consciente nuestro legislador, sin embargo, de la carga y el perjuicio en que ello podría resultar para el patrono —quien se ve obligado a reservar el empleo al obrero— estableció, mediante lenguaje claro y preciso, unos requisitos y unos períodos de tiempo para el ejercicio del derecho a la reinstalación.

■ El texto claro de una ley es la expresión por excelencia de la intención legislativa. *Rodríguez Rodríguez* v. *Gobernador*, ante. Como expusimos en *Rivera Coll* v. *Tribunal Superior*, 103 D.P.R. 325, 331 (1975), "[e]n aras de la liberalidad no podemos ir más allá de la ley".

■ Resolvemos, en su consecuencia, que para que un empleado que se ha incapacitado temporalmente por razón de enfermedad o accidente no ocupacional tenga derecho a ser reinstalado en su antiguo empleo viene obligado, en adición a cumplir con los demás requisitos que exige la Ley de Beneficios por Incapacidad, a requerir su reinstalación en o antes de que transcurra el término de seis meses desde la fecha en que se incapacitó.

## II

En el caso de autos, la empleada-recurrente se incapacitó para trabajar el 19 de enero de 1976, según ello surge de la solicitud de beneficios por incapacidad que ella misma suscribiera al solicitar acogerse a los beneficios de la citada Ley Núm. 139 de 1968.[5] El tribunal de instancia determinó que el *requerimiento verbal* de reinstalación que hiciera la recurrente a su patrono fue hecho con posterioridad a que expirara el término de seis meses, contado el mismo a partir del 19 de enero de 1976.[6]

─────────

[5] Los beneficios de la Ley fueron concedidos a la recurrente a partir del 24 de febrero de 1976, debido a que hasta esa fecha la recurrente había estado disfrutando de licencia por enfermedad. La Ley Núm. 139 no permite la concesión de beneficios mientras el empleado esté recibiendo otros emolumentos tales como salarios.

[6] En adición a lo anteriormente expresado, con fecha de 16 de agosto de 1976, la recurrente solicitó ante el Departamento del Trabajo de Puerto Rico una exten-

Siendo ello así y por las razones antes expresadas, *se confirma la sentencia dictada en el presente caso por el tribunal de instancia.*

El Juez Asociado Señor Negrón García no intervino.

---

sión de los beneficios por incapacidad bajo Sinot en donde hizo constar que continuaba incapacitada en esa fecha y que la fecha de su posible recuperación sería el 16 de octubre de 1976. Ello causa incumplimiento con el Apartado (2) del Inciso (q) de la Sec. 203 de 11 L.P.R.A. que, como vimos, exige que "el trabajador esté mental y físicamente capacitado para ocupar dicho empleo en el momento en que solicite del patrono dicha reposición".