Broco Oliveras, Juez Ponente
*1138 TEXTO COMPLETO DE LA RESOLUCION
En el presente recurso se nos solicita que revisemos una sentencia sumaria parcial dictada el 18 de abril de 1997, por el Tribunal de Primera Instancia, mediante la cual se desestimó la causa de acción de la peticionaria, al amparo del Art. 5A de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 1-8 de abril de 1935, según enmendada, 11 L.P.R.A. See. 7.
Por entender que no erró el tribunal recurrido, resolvemos no expedir el auto de certiorari.
I
La peticionaria, Sra. Sylvia Rodríguez Rodríguez, trabajó para Kress Stores of Puerto Rico, Inc. (Kress) desde 1986 hasta el 3 de noviembre de 1993. A la fecha de su despido la peticionaria se desempeñaba como gerente de la tienda Kress Kids en el centro comercial Plaza Carolina. Para el 13 de febrero de 1993, la Sra. Rodríguez sufrió un ataque de asma en la tienda Kress Kids de San Patricio Plaza. A raíz de este incidente la peticionaria acudió al Fondo del Seguro del Estado (el Fondo), donde fue examinada y diagnosticada con la condición de farinolaringitis. El 23 de febrero de 1993, el Administrador de dicha agencia administrativa emitió una decisión de tratamiento médico en descanso. El 1 de marzo de 1993, el Fondo, a petición de la Sra. Rodríguez, autorizó el regreso de ésta al trabajo mientras recibía tratamiento para su condición (CT). El 2 de marzo de 1993, la peticionaria regresó a su trabajo. El 3 de noviembre de 1993, luego de haber trabajado por alrededor de ocho meses después de su regreso al empleo, la Sra. Rodríguez fue despedida.
El 25 de octubre de 1994, la peticionaria instó demanda contra Kress alegando que su despido fue en violación al Art. 5A de la Ley de Compensaciones por Accidentes del Trabajo y la Ley Núm. 80 del 30 de mayo de 1976 (Ley sobre Despido Injustificado). Kress contestó la demanda y adujo que hubo justa causa para el despido y que el mismo se debió a razones vinculadas al buen funcionamiento de la empresa. Después de ciertos trámites procesales, Kress solicitó sentencia sumaria alegando que no existía controversia sobre hechos materiales y que en derecho la misma procedía. La peticionaria presentó oposición a dicha moción y a su vez solicitó sentencia sumaria a su favor.
El 18 de abril de 1997, el Tribunal de Primera Instancia dictó sentencia sumaria parcial en la cual desestimó la reclamación bajo el Art. 5A de la Ley de Compensaciones por Accidentes del Trabajo. El tribunal a quo resolvió que el Art. 5A de la Ley de Compensaciones por Accidentes del Trabajo, no proveía una causa de acción por el despido de un empleado accidentado y posteriormente reinstalado, *1139 ni prohibía el despido de ese empleado dentro del período de doce (12) meses posteriores al accidente.
Inconforme con dicha sentencia sumaria parcial, la peticionaria instó.el presente recurso, señalando”:; que el tribunal sentenciador erró al resolver que el Art. 5A de la Ley de Compensaciones: por Accidentes del Trabajo, supra, no proveía una causa de acción por el despido de la peticionaria, ni prohibía el despido de ésta.
II
Una sentencia es final y definitiva cuando resuelve el caso en los méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución de la sentencia. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987); Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20 (1986).
Una sentencia parcial es aquella que sólo resuelve un aspecto de la controversia. La Regla 36.3 de Procedimiento Civil, supra, dispone el que se pueda dictar una sentencia sumaria de naturaleza interlocutoria resolviendo cualquier controversia entre cualquiera de las partes que sea separable de las controversias restantes. Esta regla difiere de la anterior Regla 36.3 de Procedimiento Civil de 1958, ya que la regla actual fue enmendada con el propósito de hacerla más flexible y más abarcadora, para así fomentar una más pronta y económica solución de los pleitos. Camaleglo v. Dorado Wings, Inc., supra. La sentencia interlocutoria o parcial se distingue de la sentencia final en que la primera no resuelve el caso en su totalidad, sino que adjudica alguna reclamación y reserva las restantes para ser adjudicadas en el futuro.
El Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. Sec.22k, dispone en su inciso (a) que mediante el recurso de apelación se revisará toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia. El inciso (f) de dicho artículo dispone que se revisará mediante certiorari cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia.
En el caso de marras el tribunal a quo dictó sentencia sumaria desestimando la demanda contra Kress en cuanto a la reclamación bajo el Art. 5A de la Ley de Compensaciones por Accidentes del Trabajo, supra. Sin embargo, ese mismo tribunal determinó que procedía continuar los procedimientos relacionados con las reclamaciones por despido injustificado y discriminatorio bajo la Ley 80, supra, y la Ley 100, supra.
Por lo antes expresado, se acoge el presente recurso como uno de certiorari.
III
El Artículo 5A de la Ley de Compensaciones por Accidentes del Trabajo, supra, le impone al patrono la responsabilidad de reservarle al obrero por un período de doce meses el empleo en que se desempeñaba al momento de ocurrir el accidente u enfermedad ocupacional y reinstalarlo en el mismo una vez haya sido dado de alta. El Art. 5A, supra, permite que el obrero solicite la reinstalación a su empleo, siempre y cuando cumpla con los siguientes requisitos: (1) que el accidente o enfermedad ocupacional inhabilite al empleado para trabajar; (2) que el empleado se haya reportado al Fondo; (3) que la solicitud se haga dentro del término de quince (15) días de haber sido dado de alta definitivamente y autorizado a trabajar por el Fondo; (4) que no se realice luego de transcurrido doce (12) meses desde la fecha del accidente o enfermedad; (5) que el obrero esté mental y físicamente capacitado para desempeñarse en las funciones del empleo que ocupaba; y (6) que dicho empleo subsista al momento de la solicitud. Torres González v. Star Kist Caribe, Inc., 134 D.P.R. _ (1994), 94 J.T.S. 5. Le corresponde al patrono levantar como defensa que no existe una de estas condiciones para quedar liberado de la obligación. Vélez Rodríguez v. Pueblo International, Inc., 135 D.P.R. _ (1994), 94 J.T.S. 37.
En el caso de un trabajador que sufre un accidente o enfermedad en el trabajo, no se podría sostener que la tenencia del empleo de dicho trabajador es absoluta e intocable desde el momento en que tenga un accidente y durante el término de un año, a partir de haber sufrido el mismo. Delgado Zayas, Ruy N., Apuntes para el Estudio de la Legislación Protectora .del Trabajo en el Derecho Laboral Puertorriqueño, Ramallo Bros. Printing, Inc., San Juan, 1989. Cap. IX, pág. 188.
*1140 Este período no es uno de protección absoluta que prohíba al patrono despedir por justa causa al empleado que ha sido reinstalado en su empleo dentro de ese período de doce (12) meses. El Tribunal Supremo explicando que la protección del estatuto no es absoluta y citando a Ruy N. Delgado Zayas, supra, señaló que:

"Puede darse el caso de que un patrono descubra que "un trabajador que ha sufrido un accidente del trabajo llevó a cabo una conducta con anterioridad a sufrir dicho accidente que es conducta justificada para despedirlo y en este caso el patrono obviamente no estaría obligado a reinstalar a su puesto dicho trabajador, pudiéndolo despedir por esos actos anteriores y no estando impedido para ello por la prohibición de ley."

La Ley de Compensaciones por Accidentes del Trabajo es una legislación de carácter remedial y como tal debe interpretarse liberalmente y conforme con el propósito que la inspiró. Por eso debe interpretarse liberalmente a favor del obrero. Torres García v. F.S.E., 111 D.P.R. 469 (1981); Vélez, Admor v. Comisión Industrial, 87 D.P.R. 17 (1961); Agosto Serrano v. F.S.E., 132 D.P.R. _ (1993), 93 J.T.S. 37; Santiago v. Kodak Caribbean, 129 D.P.R. _, 92 J.T.S. 11.
Sin embargo, la doctrina ha establecido que cuando la ley es clara y libre de ambigüedades debe aplicarse tal como reza, sin que pueda válidamente menospreciarse su letra so pretexto de cumplir su espíritu. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; Cabán Méndez v. F.S.E., 115 D.P.R. 50 (1984); Rojas v. Méndez & Co., 115 D.P.R. 50 (1984); Torres González v. Star Kist, supra.
IV
Aduce la peticionaria que cuando un empleado sufre un accidente o enfermedad del trabajo y es despedido por su patrono dentro del período de doce (12) meses siguientes al mismo, tiene una causa de acción bajo el Art. 5A de la Ley de Compensaciones por Accidentes del Trabajo. No le asiste la razón. Veamos.
Ya hemos discutido que el Art. 5A, supra, no establece una prohibición absoluta que impida el despido durante un período de doce meses siguientes al accidente o enfermedad en los casos en que el patrono pueda demostrar que la cesantía respondió a causa justificada.
Del expediente que obra ante nuestra consideración se desprende que la peticionaria regresó a su empleo un día después de que fuera autorizada a reincorporarse al mismo por el Fondo mientras recibía tratamiento médico (CT). El 3 de noviembre de 1994, ocho meses más tarde, ésta fue despedida por su patrono alegadamente por causa justificada.
El hecho de que la peticionaria se encontraba trabajando (en CT) significa que no se encontraba inhabilitada para desempeñar su trabajo ni estaba recibiendo tratamiento del Fondo ni descanso. La ausencia de estos requisitos implica que la peticionaria no tiene una causa de acción a base del Art. 5A, supra. Procede por lo tanto que no se altere la decisión del tribunal a quo mediante la cual desestimó la causa de acción basada en el Art. 5A. No se puede torcer la interpretación de una ley en aras de la liberalidad. Rivera Coll v. Tribunal Superior, 103 D.P.R. 325 (1975).
V
Por los fundamentos antes expuestos se deniega el auto de certiorari solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria General
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 100
1. Según Kress, la peticionarla fue despedida por seguir un patrón reiterado de no rendir su trabajo en forma eficiente o de hacerlo negligentemente y en violación a las normas de la empresa; por violar reiteradamente las reglas y reglamentos establecidos por la empresa relacionados al manejo de dinero y la administración del negocio y por demostrar conducta impropia reiterada en relación con sus deberes de supervisión sobre los empleados.
*1141 2. Es necesario además que el obrero inhabilitado para trabajar, como resultado del accidente o enfermedad, haya recibido tratamiento medico en descanso por el Fondo. Verdiales Morales & Santiago Meléndez, Reserva de Empleo al Obrero Incapacitado POT Accidente Laboral; Requisitos bajo el Articulo 5A de Ia Ley de Compensaciones pOT Accidentes~deI Trabajo, 61 Revista Juridica U.P.R. 59 (1992).