

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Ética Gubernamental<br><br>Recurrida<br><br>v.<br><br>Raquel Concepción Bonilla<br><br>Peticionaria | Certiorari<br><br>2011 TSPR 184<br><br>183 DPR _____ |

Número del Caso: CC - 2010- 984

Fecha: 9 de diciembre de 2011

Tribunal de Apelaciones:

> Región Judicial de San Juan, Panel II

Juez a Ponente:

> Hon. Carmen A. Pesante Martínez

Abogado de la Parte Peticionaria:

> Lcdo. José R. Conaway Mediavilla

Abogada s de la Parte Recurrida:

> Lcda. Sara B. González Clemente
> Lcda. Massiel Hernández Tolentino

Materia: Violación al Art. 3.2 (h) de la Ley de Ética Gubernamental y al Art. 6(A) del Reglamento de Ética Gubernamental

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Oficina de Ética Gubernamental

    Recurrida

       v.                  CC-2010-0984     *Certiorari*

Raquel Concepción Bonilla

    Peticionaria

Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON.

San Juan, Puerto Rico, a 9 de diciembre de 2011.

En esta ocasión, nos corresponde determinar si el concepto de unidad familiar expuesto en el Art. 3.2 (h) de la Ley Núm. 12 de 24 de julio de 1985, según enmendada, Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 1801 *et seq*. (Ley de Ética Gubernamental), incluye a hermanos, hermanas, cuñados o cuñadas. Entendemos que la definición de unidad familiar que ofrece la Ley de Ética Gubernamental, *supra*, es clara y no incluye a estas personas, salvo que residan legalmente o dependan económicamente del funcionario público. Por ello, revocamos al Tribunal de Apelaciones que confirmó un dictamen de

la Oficina de Ética Gubernamental (O.E.G.) en el cual no se consideró esta definición y se le impuso una multa administrativa a la Sra. Raquel Concepción Bonilla.

I.

La Sra. Raquel Concepción Bonilla ha ocupado diversos puestos en la Autoridad de Acueductos y Alcantarillados (A.A.A.). Cuando pasó a ser Directora Regional de Recursos Humanos también laboraban en la A.A.A., su hermana, la Sra. Keren Concepción Bonilla, su hermano, el Sr. José Concepción Bonilla, y su cuñado, el Sr. José Pérez Adames.

La señora Keren Concepción Bonilla laboraba en una posición que le respondía directamente al puesto del Director Regional de Recursos Humanos que pasó a ocupar su hermana. Por ello, con el propósito de evitar un conflicto de intereses, fue trasladada al puesto transitorio de Oficinista General I y luego fue nombrada a otras posiciones. Desde su traslado, la señora Keren Concepción Bonilla quedó bajo la supervisión de otras personas distintas a su hermana.

Así las cosas, el 1 de agosto de 2008, se presentó una querella contra la señora Raquel Concepción Bonilla ante la O.E.G. en la que se le imputaron varias violaciones a la Ley de Ética Gubernamental, *supra*, y al Reglamento de Ética Gubernamental, Núm. 4827 de 20 de noviembre de 1992, según enmendado (Reglamento). Tras celebrar la correspondiente vista administrativa y adoptar el informe de la Oficial

Examinadora, dicha agencia determinó que la señora Raquel Concepción Bonilla, en su desempeño como Directora Regional de Recursos Humanos, había participado en varias transacciones de personal de su hermana, hermano y cuñado, en violación al Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra*. Por esta razón, también determinó que ésta había violado el Art. 6 (A)(2), (4) y (6) del Reglamento, *supra*. En virtud de lo anterior, la O.E.G. emitió una resolución en la cual le impuso una multa administrativa de cinco mil dólares a la señora Raquel Concepción Bonilla.

En específico, la O.E.G. razonó que fueron actos éticamente conflictivos, respecto a **su hermana**, el firmar sus traslados y nombramientos, notificárselos por escrito, participar del proceso de reclasificación, revisar la fecha de efectividad de las reclasificaciones, entre otras transacciones de personal. Con relación al **cuñado**, la O.E.G. entendió que también existió conflicto al registrar su salario, nombrarlo al puesto de Operador Planta Acueductos I y notificárselo por escrito. Finalmente, se le imputó como otra infracción adicional la validación de una solicitud de licencias sometida por **su hermano**. Esto, pues según la agencia, la peticionaria debió inhibirse de participar en cualquier transacción de personal relacionada con estos familiares.

Inconforme y tras varios trámites procesales, la señora Raquel Concepción Bonilla compareció oportunamente ante el

Tribunal de Apelaciones para revisar la resolución del foro administrativo. Allí planteó que dicho foro erró al determinar que en el ejercicio de deberes ministeriales y administrativos se cometieron actos contrarios a la Ley de Ética Gubernamental y a su Reglamento; al no aplicar la defensa de honesto error de juicio; al emitir una orden final fuera del término provisto por la Ley de Procedimiento Administrativo Uniforme; y al imponer una multa excesiva.

El foro apelativo intermedio confirmó el dictamen por entender que existe una prohibición clara en nuestro ordenamiento jurídico que impide que los funcionarios públicos tengan participación en asuntos que involucren a un familiar. Por ello determinó, al igual que el foro administrativo, que la señora Raquel Concepción Bonilla debió inhibirse de todas las cuestiones relacionadas con sus familiares para evitar cualquier conflicto de intereses; que estaba impedida de presentar la defensa de error de juicio por no presentarla en el foro recurrido; que era razonable la cantidad de la multa administrativa; y que había consentido a la demora de la agencia al no solicitar un *mandamus* o la desestimación del caso.

Por tal razón, la peticionaria acudió ante nos mediante *certiorari.* Alegó que incidió el foro apelativo intermedio al confirmar que el ejercicio de deberes puramente ministeriales y administrativos pueden ser considerados como actos constitutivos de violación a la Ley de Ética

Gubernamental y su Reglamento; al no aplicar la defensa de error honesto de juicio; y al expedir una orden final fuera del término provisto para ello. Por último, nos solicita que revoquemos al Tribunal de Apelaciones y dictemos todo lo que proceda en derecho.

Se expidió el recurso de *certiorari* y, tras varias incidencias procesales, ambas partes presentaron sus alegatos. Contando con su comparecencia, procedemos a resolver.

II.

La Ley de Ética Gubernamental, *supra*, y su Reglamento, *supra*, tienen el propósito principal de que los funcionarios y empleados del servicio público mantengan principios del más alto grado de honestidad, integridad, imparcialidad y conducta para garantizar el funcionamiento de las instituciones gubernamentales y conservar la confianza de los ciudadanos en su gobierno. Véanse Exposición de Motivos de la Ley de Ética Gubernamental, *supra*; Art. 2 del Reglamento, *supra*. Cónsono con ese fin, hemos expresado que son intolerables los conflictos de intereses en el servicio público. Oficina de Ética Gubernamental v. Rafael Cordero Santiago, 154 D.P.R. 827 (2001); O.E.G. v. Rodríguez y otros, 159 D.P.R. 98 (2003).

Por ello, para evitar conflictos de intereses, el Art. 3.2 (h) de dicha Ley, establece que:

[n]ingún funcionario público podrá intervenir en forma alguna en cualquier asunto en el que él o algún miembro de su **unidad familiar** tenga un conflicto de intereses. (Énfasis suplido). 3 L.P.R.A. sec. 1822 (h).

Además, nótese que la misma Ley dispone, en su artículo 3.2(g), que el concepto de **unidad familiar:**

[i]ncluye al cónyuge del funcionario o empleado público, a los hijos dependientes de éste, o aquellas personas que comparten con el servidor público su residencia legal, o cuyos asuntos financieros están bajo el control de jure o de facto del funcionario o empleado público. 3 L.P.R.A. sec. 1802 (g).

Es decir, el Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra*, prohíbe la intervención de funcionarios públicos en asuntos donde un miembro de su unidad familiar, según descrita en dicha ley, tenga un conflicto de intereses.

Asimismo, esta definición aparece casi igual en su reglamento, pues sólo cambia el final por "control legal" en vez de "control de jure o de facto". Reglamento Núm. 4827, *supra*, Art. 3 (q). Es decir, la regla interpretativa o legislativa de la Ley de Ética Gubernamental, cuyo efecto también es vinculante, recoge la definición establecida en la ley. Véanse Sec. 1.3 (l) de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2102 (l); Mun. de San Juan v. J.C.A., 152 D.P.R. 673, 692 (2000).

Más aun, una Opinión del Secretario de Justicia, que utilizamos por entenderla persuasiva, en una situación en

la que se analizaba la definición de **unidad familiar**,
expresa que:

> cuando el legislador ha querido distinguir
> situaciones y circunstancias en el contexto de la
> Ley Núm. 12 [Ley de Ética Gubernamental], así lo
> ha hecho expresamente. A modo de ejemplo, por su
> pertinencia, nuevamente en referencia a la
> definición de **"unidad familiar"**, llama la
> atención que frente a la mención sin condicionar
> o cualificar del cónyuge del servidor público, se
> especifica que para estar incluidos en la unidad
> familiar de ese funcionario o empleado público,
> respecto a la cual éste debe proveer información
> financiera, sus hijos deben ser sus dependientes
> o determinadas personas deben compartir con éste
> su residencia legal o sus asuntos financieros
> estar bajo su control legal. P.R. Op. Sec. Just.
> 1988-41. (Énfasis suplido).

Por su parte, el Art. 6 en sus incisos (A)(2), (4) y
(6) del Reglamento de Ética Gubernamental, *supra*, dispone
que todo servidor público deberá evitar cualquier acción
que pueda crear la apariencia de dar trato preferencial, de
perder su completa independencia y de afectar adversamente
la confianza del público en la integridad y honestidad de
las instituciones gubernamentales.

No obstante, a tono con todo lo anterior, hemos
expresado que la mera apariencia de conflicto de intereses,
por sí sola, no puede conllevar el que automáticamente se
encuentre a un funcionario público incurso en una violación
ética. Oficina de Ética Gubernamental v. Rafael Cordero
Santiago, *supra*, a las págs.853-854.

Como vemos, la Ley de Ética Gubernamental, *supra*, no
proscribe las actuaciones de los funcionarios públicos con

todo familiar, sino sobre aquellos miembros de la unidad familiar, según se describe en la propia ley. **Es decir, un conflicto de intereses bajo el Art. 3.2 (h) de la Ley de Ética Gubernamental,** *supra*, **debe analizarse en virtud de esa definición de unidad familiar.**

Del mismo modo, la norma principal de hermenéutica establece, y así lo hemos reiterado, que cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; Bomberos Unidos v. Cuerpo de Bomberos, 180 D.P.R. 723 (2011); Rojas v. Méndez Co., Inc., 115 D.P.R. 50, 53 (1984).

A la luz de estos preceptos y pronunciamientos, pasemos a resolver la controversia ante nuestra consideración.

III.

Somos del criterio que la O.E.G. erró en la aplicación de la Ley de Ética Gubernamental, *supra*, y su Reglamento, *supra*, al ignorar la definición de **unidad familiar** allí provista. Por ello, no encontramos necesario discutir los errores señalados por la peticionaria y procedemos a conceder el remedio que corresponde.

Como expusimos, la agencia administrativa le imputó a la señora Raquel Concepción Bonilla infracciones al Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra*, y como consecuencia de eso, al Art. 6 (A)(2), (4) y (6) del

Reglamento, *supra*. Ello considerando que Keren Concepción Bonilla, José Concepción Bonilla y José Pérez Adames, son hermana, hermano y cuñado de Raquel Concepción Bonilla, respectivamente, pero ignorando la definición de unidad familiar provista por el legislador. Así, el foro administrativo entendió que ella debió inhibirse de participar en cualquier transacción de personal en la que estuviese envuelto uno de esos parientes para evitar conflictos de intereses.

Es decir, al llegar a esas conclusiones, la O.E.G. utilizó aisladamente el Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra*, que hace referencia a cualquier miembro de la unidad familiar. Una vez determinó que se había violado esa disposición, puesto que la hermana, el hermano y el cuñado son parte de la unidad familiar, entonces concluyó que se había infringido el Art. 6 (A)(2), (4) y (6) del Reglamento, *supra*.

Para ayudarnos en la aplicación de la Ley de Ética Gubernamental, *supra*, el legislador ya definió claramente el contenido del concepto "unidad familiar". No podemos obviar esta definición para hacer un análisis aislado del artículo 3.2(h) de la Ley. Por ende, la O.E.G. actuó erróneamente al añadir *motu proprio*, sin que fuera necesario, que una hermana, un hermano y un cuñado son miembros de la referida unidad familiar.

No nos encontramos ante un caso de interpretación estatutaria. El Art. 2 (g) de la Ley de Ética Gubernamental, *supra*, es claro al delimitar el concepto de unidad familiar al (1) cónyuge del funcionario o empleado público, (2) a los hijos dependientes de éste, o (3) aquellas personas que comparten con el servidor público su residencia legal, o (4) cuyos asuntos financieros están bajo el control de jure o de facto del funcionario o empleado público. No hay duda que de esa definición se desprende cuáles son los familiares con los que se deben evitar los conflictos éticos a los que hace referencia el Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra*. Es evidente que no incluye a los hermanos y las hermanas, o a los cuñados y las cuñadas, a menos que éstos compartan con el servidor público su residencia legal, o cuyos asuntos financieros estén bajo el control de jure o de facto del funcionario o empleado público.

Sin embargo, la determinación de la O.E.G. no hace referencia a estas dos situaciones de residencia legal o control de jure o de facto, por lo que al referirse a familiares o parientes entendemos que se está fundamentando en los grados de consanguinidad y afinidad. Reiteramos que los únicos parentescos contemplados en el concepto de unidad familiar son el cónyuge y los hijos dependientes del funcionario público.

Por lo tanto, las transacciones de personal realizadas por la señora Raquel Concepción Bonilla, en su desempeño

como Directora Regional de Recursos Humanos, fueron con familiares que no están incluidos en las prohibiciones establecidas en el Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra*. En específico, su hermana, la señora Keren Concepción Bonilla, su hermano, el señor José Concepción Bonilla y su cuñado, el señor José Pérez Adames, no forman parte *per se* del concepto de unidad familiar que se menciona en dicho artículo.

Por ello, al aplicar la definición provista en la ley a los hechos específicos del caso, es forzoso concluir que tanto la O.E.G. como el Tribunal de Apelaciones erraron al aplicar el Art. 3.2 (h) de la Ley de Ética Gubernamental, *supra,* bajo el fundamento de que los involucrados eran parientes. Por lo tanto, también erraron al determinar que por las violaciones a ese artículo de ley también se habían infringido las disposiciones generales del Art. 6 (A)(2), (4) y (6) del Reglamento, *supra*.

Entendemos que la ley es clara y que sólo era necesario ir a la definición de unidad familiar, allí establecida, antes de aplicarla. Por lo tanto, nuestras conclusiones en el día de hoy no consideran la posibilidad de que se haya incurrido en alguna violación ética en virtud de la aplicación correcta de la definición de unidad familiar o de algún otro precepto en la Ley de Ética Gubernamental, *supra*. Ello dado que esas no fueron las alegaciones de la Oficina de Ética Gubernamental. Reiteramos que la mera apariencia de conflicto de intereses, por el sólo hecho de

tratarse de actos entre parientes, no puede, irreflexivamente, catalogarse como una violación ética.

Asimismo, aclaramos que el caso ante nuestra consideración solamente se limita a la interpretación del término unidad familiar del inciso (h) del Art. 3.2 de la Ley de Ética Gubernamental, *supra*. Las expresiones aquí vertidas no deben interpretarse como un menoscabo al alcance del inciso (i) del artículo 3.2 de la Ley de Ética Gubernamental, *supra*. Ello, pues la querella presentada contra la señora Raquel Concepción Bonilla fue enmendada, por la propia Oficina de Ética Gubernamental, a fin de retirar las imputaciones relacionadas con el artículo 3.2 (i).

IV.

Por los fundamentos que anteceden, se revoca la Sentencia del Tribunal de Apelaciones y se desestima la querella presentada ante la Oficina de Ética Gubernamental que sirvió de base para la multa administrativa impuesta a la señora Raquel Concepción Bonilla.

Se dictará sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Oficina de Ética Gubernamental

    Recurrida

    v.                     CC-2010-0984      *Certiorari*

Raquel Concepción Bonilla

    Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 9 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia del Tribunal de Apelaciones y se desestima la querella presentada ante la Oficina de Ética Gubernamental que sirvió de base para la multa administrativa impuesta a la señora Raquel Concepción Bonilla.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Rivera García concurre sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo