El Juez Presidente Señor Hernández Denton
emitió la opinión del tribunal.
En esta ocasión, nos corresponde determinar si el con-cepto unidad familiar expuesto en el Art. 3.2(h) de la Ley Núm. 12 de 24 de julio de 1985, según enmendada, Ley de Etica Gubernamental del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 1801 et seq. (Ley de Etica Guberna-mental), incluye a hermanos, hermanas, cuñados o cuñadas. Entendemos que la definición de unidad familiar que ofrece la Ley de Etica Gubernamental es clara y no incluye a estas personas, salvo que residan legalmente o dependan económicamente del funcionario público. Por ello, revocamos al Tribunal de Apelaciones que confirmó un dictamen de la Oficina de Etica Gubernamental (O.E.G.) en el cual no se consideró esta definición y se le impuso una multa administrativa a la Sra. Raquel Concepción Bonilla.
*697 I
La Sra. Raquel Concepción Bonilla ha ocupado diversos puestos en la Autoridad de Acueductos y Alcantarillados (A.A.A.). Cuando pasó a ser directora regional de recursos humanos, también laboraban en la A.A.A. su hermana, la Sra. Keren Concepción Bonilla, su hermano, el Sr. José Concepción Bonilla, y su cuñado, el Sr. José Pérez Adames.
La Sra. Keren Concepción Bonilla laboraba en una po-sición que le respondía directamente al puesto del director regional de recursos humanos que pasó a ocupar su hermana. Por ello, con el propósito de evitar un conflicto de intereses, fue trasladada al puesto transitorio de oficinista general I y luego fue nombrada a otras posiciones. Desde su traslado, la Sra. Keren Concepción Bonilla quedó bajo la supervisión de otras personas distintas a su hermana.
Así las cosas, el 1 de agosto de 2008, se presentó una querella contra la Sra. Raquel Concepción Bonilla ante la O.E.G. en la que se le imputaron varias violaciones a la Ley de Etica Gubernamental y al Reglamento de Ética Gu-bernamental, Reglamento Núm. 4827 de 20 de noviembre de 1992, según enmendado (Reglamento). Tras celebrar la vista administrativa correspondiente y adoptar el informe de la oficial examinadora, esa agencia determinó que la Sra. Raquel Concepción Bonilla, en su desempeño como directora regional de recursos humanos, había participado en varias transacciones de personal de su hermana, her-mano y cuñado, en violación al Art. 3.2(h) de la Ley de Ética Gubernamental, 3 L.P.R.A. sec. 1822h. Por esta ra-zón, también determinó que ésta había violado el Art. 6(A)(2), (4) y (6) del Reglamento, supra, pág. 5. En virtud de lo anterior, la O.E.G. emitió una resolución en la cual le impuso una multa administrativa de cinco mil dólares a la Sra. Raquel Concepción Bonilla.
En específico, la O.E.G. razonó que fueron actos ética-mente conflictivos, respecto a su hermana, el firmar sus *698 traslados y nombramientos, notificárselos por escrito, par-ticipar del proceso de reclasificación, revisar la fecha de efectividad de las reclasificaciones, entre otras transaccio-nes de personal. Con relación al cuñado, la O.E.G. enten-dió que también existió conflicto al registrar su salario, nombrarlo al puesto de operador planta acueductos I y no-tificárselo por escrito. Finalmente, se le imputó como otra infracción adicional la validación de una solicitud de licen-cias sometida por su hermano. Esto, pues según la agencia, la peticionaria debió inhibirse de participar en cualquier transacción de personal relacionada con estos familiares.
Inconforme y tras varios trámites procesales, la Sra. Raquel Concepción Bonilla compareció oportunamente ante el Tribunal de Apelaciones para revisar la resolución del foro administrativo. Allí planteó que ese foro erró al deter-minar que, en el ejercicio de los deberes ministeriales y administrativos, se cometieron actos contrarios a la Ley de Etica Gubernamental y a su Reglamento: al no aplicar la defensa de un honesto error de juicio; al emitir una orden final fuera del término provisto por la Ley de Procedi-miento Administrativo Uniforme del Estado Libre Aso-ciado de Puerto Rico, y al imponer una multa excesiva.
El foro apelativo intermedio confirmó el dictamen por entender que existe una prohibición clara en nuestro orde-namiento jurídico que impide que los funcionarios públicos tengan participación en asuntos que involucren a un familiar. Por ello determinó, al igual que el foro adminis-trativo, que: (1) la Sra. Raquel Concepción Bonilla debió inhibirse de todas las cuestiones relacionadas con sus fa-miliares para evitar cualquier conflicto de intereses; (2) es-taba impedida de presentar la defensa de un error de juicio por no presentarla en el foro recurrido; (3) era razonable la cantidad de la multa administrativa, y (4) había consen-tido a la demora de la agencia al no solicitar un mandamus o la desestimación del caso.
*699 Por tal razón, la peticionaria acudió ante nos mediante certiorari. Alegó que incidió el foro apelativo intermedio al confirmar que el ejercicio de los deberes puramente minis-teriales y administrativos puede ser considerado como un acto constitutivo de violación a la Ley de Ética Guberna-mental y su Reglamento; al no aplicar la defensa de error honesto de juicio y al expedir una orden final fuera del término provisto para ello. Por último, nos solicita que re-voquemos al Tribunal de Apelaciones y dictemos todo lo que proceda en derecho.
Se expidió el recurso de certiorari y, tras varias inciden-cias procesales, ambas partes presentaron sus alegatos. Contando con su comparecencia, procedemos a resolver.
II
La Ley de Ética Gubernamental y su Reglamento tienen el propósito principal de que los funcionarios y empleados del servicio público mantengan principios del más alto grado de honestidad, integridad, imparcialidad y conducta para garantizar el funcionamiento de las instituciones gubernamentales y conservar la confianza de los ciudadanos en su gobierno. Véanse Exposición de Motivos de la Ley de Ética Gubernamental, 1985 Leyes de Puerto Rico 709; Art. 2 del Reglamento, supra, pág. 1. Cónsono con ese fin, hemos expresado que son intolerables los conflictos de intereses en el servicio público. O.E.G. v. Cordero, Rivera, 154 D.P.R. 827 (2001); O.E.G. v. Rodríguez, 159 D.P.R. 98 (2003).
Por ello, para evitar conflictos de intereses, el Art. 3.2(h) de la ley, supra, establece que
[n]ingún funcionario público podrá intervenir en forma al-guna en cualquier asunto en el que él o algún miembro de su unidad familiar tenga un conflicto de intereses. (Enfasis suplido). 3 L.P.R.A. sec. 1822(h).
*700 Además, nótese que la misma ley dispone, en su Art. 3.2(g), que el concepto unidad familiar
[i]ncluye al cónyuge del funcionario o empleado público, a los hijos dependientes de éste, o aquellas personas que com-parten con el servidor público su residencia legal, o cuyos asuntos financieros están bajo el control de jure o de facto del funcionario o empleado público. 3 L.P.R.A. sec. 1802(g).
Es decir, el Art. 3.2(h) de la Ley de Ética Gubernamen-tal, supra, prohíbe la intervención de funcionarios públicos en asuntos donde un miembro de su unidad familiar, según descrita en esa ley, tenga un conflicto de intereses.
Asimismo, esta definición aparece casi igual en su regla-mento, pues sólo cambia el final por “control legal” en vez de “control de jure o de facto”. Art. 3(Q) del Reglamento Núm. 4827, supra, pág. 4. Es decir, la regla interpretativa o legislativa de la Ley de Ética Gubernamental, cuyo efecto también es vinculante, recoge la definición establecida en la ley. Véanse: Sec. 1.3(Z) de la Ley de Procedimiento Ad-ministrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2102(Z); Mun. de San Juan v. J.C.A., 152 D.P.R. 673, 692 (2000).
Más aún, una opinión del Secretario de Justicia, que utilizamos por entenderla persuasiva, en una situación en la que se analizaba la definición de unidad familiar, ex-presa que
... cuando el legislador ha querido distinguir situaciones y cir-cunstancias en el contexto de la Ley Núm. 12 [Ley de Ética Gubernamental], así lo ha hecho expresamente. Á modo de ejemplo, por su pertinencia, nuevamente en referencia a la definición de “unidad familiar”, llama la atención que frente a la mención sin condicionar o cualificar del cónyuge del servi-dor público, se especifica que para estar incluidos en la unidad familiar de ese funcionario o empleado público, respecto a la cual éste debe proveer información financiera, sus hijos deben ser sus dependientes o determinadas personas deben compar-tir con éste su residencia legal o sus asuntos financieros estar bajo su control legal. (Énfasis suplido). Op. Sec. Just. Núm. 1988-41.
*701 Por su parte, el Art. 6 en sus incisos (A)(2), (4) y (6) del Reglamento de Etica Gubernamental, supra, dis-pone que todo servidor público deberá evitar cualquier acción que pueda crear la apariencia de dar trato preferential, de perder su completa independencia y de afectar adversamente la confianza del público en la integridad y honestidad de las instituciones gubernamentales.
No obstante, a tono con todo lo anterior, hemos expresado que la mera apariencia de conflicto de intereses, por sí sola, no puede conllevar el que automáticamente se encuentre a un funcionario público incurso en una violación ética. O.E.G. v. Rivera, Cordero, supra, págs. 853 — 854.
Como vemos, la Ley de Etica Gubernamental no proscribe las actuaciones de los funcionarios públicos con todo familiar, sino sobre aquellos miembros de la unidad familiar, según se describe en la propia ley. Es decir, un conflicto de intereses al amparo del Art. 3.2(h) de la Ley de Etica Gubernamental, supra, debe analizarse en virtud de esa definición de unidad familiar.
Del mismo modo, la norma principal de hermenéutica establece, y así lo hemos reiterado, que cuando la ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada con el pretexto de cumplir su espíritu. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; Bomberos Unidos v. Cuerpo Bomberos et al., 180 D.P.R. 723 (2011); Rojas v. Méndez Co., Inc., 115 D.P.R. 50, 53 (1984).
A la luz de estos preceptos y pronunciamientos, pasemos a resolver la controversia ante nuestra consideración.
III
Creemos que la O.E.G. erró en la aplicación de la Ley de Etica Gubernamental y su reglamento al ignorar la defini-ción de unidad familiar allí provista. Por ello, no encon- *702 tramos necesario discutir los errores señalados por la peti-cionaria y procedemos a conceder el remedio que corresponde.
Como expusimos, la agencia administrativa le imputó a la Sra. Raquel Concepción Bonilla infracciones al Art. 3.2(h) de la Ley de Etica Gubernamental, supra, y como consecuencia de eso, al Art. 6(A)(2), (4) y (6) del Regla-mento, supra. Ello, considerando que Keren Concepción Bonilla, José Concepción Bonilla y José Pérez Adames son hermana, hermano y cuñado de Raquel Concepción Boni-lla, respectivamente, pero ignorando la definición de uni-dad familiar provista por el legislador. Así, el foro adminis-trativo entendió que ella debió inhibirse de participar en cualquier transacción de personal en la que estuviese invo-lucrado uno de esos parientes para evitar conflictos de intereses.
Es decir, al llegar a esas conclusiones, la O.E.G. utilizó aisladamente el Art. 3.2(h) de la Ley de Ética Guberna-mental, supra, que hace referencia a cualquier miembro de la unidad familiar. Una vez determinó que se había violado esa disposición, puesto que la hermana, el hermano y el cuñado son parte de la unidad familiar, entonces concluyó que se había infringido el Art. 6(A)(2), (4) y (6) del Regla-mento, supra.
Para ayudamos en la aplicación de la Ley de Ética Gu-bernamental, el legislador ya definió claramente el conte-nido del concepto “unidad familiar”. No podemos obviar esta definición para hacer un análisis aislado del Art. 3.2(h) de la ley, supra. Por ende, la O.E.G. actuó errónea-mente al añadir motu proprio, sin que fuera necesario, que una hermana, un hermano y un cuñado son miembros de la referida unidad familiar.
No nos encontramos ante un caso de interpretación estatutaria. El Art. 2(g) de la Ley de Ética Gubernamental, supra, es claro al delimitar el concepto unidad familiar (1) al cónyuge del funcionario o empleado público, (2) a los *703 hijos dependientes de este o (3) a aquellas personas que comparten con el servidor público su residencia legal o cu-yos asuntos financieros están bajo el control de jure o de facto del funcionario o empleado público. No hay duda que de esa definición surge cuáles son los familiares con los que se deben evitar los conflictos éticos a los que hace referen-cia el Art. 3.2(h) de la Ley de Ética Gubernamental, supra. Es evidente que no incluye a los hermanos y las hermanas, o a los cuñados y las cuñadas, a menos que éstos compar-tan con el servidor público su residencia legal, o cuyos asuntos financieros estén bajo el control de jure o de facto del funcionario o empleado público.
Sin embargo, la determinación de la O.E.G. no hace re-ferencia a estas dos situaciones de residencia legal o control de jure o de facto, por lo que al referirse a familiares o parientes entendemos que se está fundamentando en los grados de consanguinidad y afinidad. Reiteramos que los únicos parentescos contemplados en el concepto unidad familiar son el cónyuge y los hijos dependientes del funcio-nario público.
Por lo tanto, las transacciones de personal realizadas por la Sra. Raquel Concepción Bonilla, en su desempeño como directora regional de recursos humanos, fueron con familiares que no están incluidos en las prohibiciones es-tablecidas en el Art. 3.2(h) de la Ley de Ética Gubernamen-tal, supra. En específico, su hermana, la Sra. Keren Con-cepción Bonilla, su hermano, el Sr. José Concepción Bonilla, y su cuñado, el Sr. José Pérez Adames, no forman parte per se del concepto unidad familiar que se menciona en ese artículo.
Por ello, al aplicar la definición provista en la ley a los hechos específicos del caso, es forzoso concluir que tanto la O.E.G. como el Tribunal de Apelaciones erraron al aplicar el Art. 3.2(h) de la Ley de Ética Gubernamental, supra, fundamentado en que los involucrados eran parientes. Por lo tanto, también erraron al determinar que, por las viola- *704 ciones a ese artículo de ley, también se habían infringido las disposiciones generales del Art. 6(A)(2), (4) y (6) del Reglamento, supra.
Entendemos que la ley es clara y que sólo era necesario ir a la definición de unidad familiar, allí establecida, antes de aplicarla. Por lo tanto, nuestras conclusiones hoy nues-tras decisiones no consideran la posibilidad de que se haya incurrido en alguna violación ética en virtud de la aplica-ción correcta de la definición de unidad familiar o de algún otro precepto en la Ley de Ética Gubernamental. Ello dado que esas no fueron las alegaciones de la Oficina de Ética Gubernamental. Reiteramos que la mera apariencia de conflicto de intereses, por el solo hecho de tratarse de actos entre parientes, no puede, irreflexivamente, catalogarse como una violación ética.
Asimismo, aclaramos que el caso ante nuestra conside-ración solamente se limita a la interpretación del término unidad familiar del inciso (h) del Art. 3.2 de la Ley de Ética Gubernamental, supra. Las expresiones aquí vertidas no deben interpretarse como un menoscabo al alcance del in-ciso (i) del Art. 3.2 de la Ley de Ética Gubernamental, supra. Ello, pues la querella presentada contra la Sra. Raquel Concepción Bonilla fue enmendada por la propia Ofi-cina de Ética Gubernamental, a fin de retirar las imputa-ciones relacionadas con el Art. 3.2(i).
IV
Por los fundamentos que anteceden, se revoca la Senten-cia del Tribunal de Apelaciones y se desestima la querella presentada ante la Oficina de Etica Gubernamental que sirvió de base para la multa administrativa impuesta a la Sra. Raquel Concepción Bonilla.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera García concurrió sin opi-nión escrita.